**Vickie KUHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00129–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 22, 2001.

Decided Feb. 28, 2001.

Discretionary Review Refused
June 20, 2001.

Kevin McCarter, Law Office of Terry L. Cox, Marshall, for appellant.

Richard Berry, Jr., Criminal District Attorney Harrison County, Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Vickie Kuhn appeals her conviction of two counts of intoxication manslaughter (Counts I and II), three counts of intoxication assault (Counts III, IV, and V), and one count of driving while intoxicated (Count VI), contending that the trial court erred in ordering that sentences for Counts I and II run consecutively.

On August 1, 1999, Vickie Kuhn drove while intoxicated. On December 31, 1999, Kuhn again drove while intoxicated, this time causing her car to cross over the center stripe of Highway 80. She collided head-on into another vehicle, killing two children and injuring two other children as well as the driver. Kuhn was indicted on two counts of intoxication manslaughter, three counts of intoxication assault, and one count of driving while intoxicated; she pleaded guilty before a jury on all counts. The jury found her guilty and assessed punishment at twenty years' confinement for each of the intoxication manslaughter counts, and five years' confinement for each of the intoxication assault counts and the driving while intoxicated count. The trial court ordered that Kuhn's sentences for Counts I and II (the intoxication manslaughter counts) run consecutively and that the remaining sentences run concurrently with Count I.

As Kuhn's sole point of error on appeal, she contends that the trial court erred by ordering that Counts I and II run consecutively. Specifically, she contends that because intoxication manslaughter convictions were not her only convictions charged in the single action, none of the sentences should run consecutively according to TEX. PEN.CODE ANN. § 3.03 (Vernon

Supp.2001). Statutory interpretation is a question of law that this court reviews *de novo.*

▇▇ Generally, when the same defendant is convicted in two or more cases, the trial court has discretion to order those sentences to run either consecutively or concurrently. TEX.CODE CRIM. PROC. ANN. art. 42.08· (Vernon Supp.2001). However, when the defendant is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single action, the trial court is required to order that the sentences run concurrently unless the convictions are for intoxication manslaughter under TEX. PEN.CODE ANN. § 49.08 (Vernon Supp.2001). In that case, the trial court has discretion to order that the sentences run concurrently or consecutively.[1] TEX. PEN.CODE ANN. § 3.03.

Kuhn's argument revolves around the use of the word *each* in Section 3.03 of the Texas Penal Code. She contends that in order for the trial judge to have discretion to stack sentences, the defendant may only be convicted of and sentenced for intoxication manslaughter offenses. Therefore, Kuhn's convictions of intoxication assault and driving while intoxicated along with the intoxication manslaughter offenses preclude the trial court from exercising discretion in sentencing.

▇▇ In interpreting a criminal statute, we seek to find the intent of the Legislature by focusing on the literal text of the statute in question. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). Only if the language is ambiguous or would lead to absurd results may this court go beyond the plain meaning of the statute. *Id.*

First we examine the language of Section 3.03 of the Texas Penal Code:

(a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for *each* offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if *each* sentence is for a conviction for:

(1) on offense:

(A) under Section 49.08 [Intoxication Manslaughter]....

TEX. PEN.CODE ANN. § 3.03(a), (b)(1)(A) (Vernon Supp.2001) (emphasis added).

The word *each* appears twice in Section 3.03. In Section 3.03(a), it provides for separate pronouncements of guilty for the separate offenses. In Section 3.03(b), which is in question in this appeal, the word refers to the individual sentences and gives the court discretion on whether the individual sentences may run concurrently or consecutively if they are for certain specific offenses including intoxication manslaughter.

▇▇ The statute does not reflect that the Legislature intended to prevent the State from seeking to have sentences running consecutively if they fell within subsection (b) of the act even if other charges arising from the same criminal episode were also prosecuted as a part of the single criminal action. The purpose of subsection (b) is to allow sentences to run concurrently or consecutively for the types of crimes specifically set out without

---

**1.** TEX. PEN.CODE ANN. § 3.03 (Vernon Supp. 2001) also provides for sentence stacking when the crimes are enumerated sexual offenses against victims under the age of seventeen.

changing the rule for other crimes that are part of the criminal episode but do not fall within these categories.

The trial court correctly applied its discretion in running the sentences consecutively by only applying it to the intoxication manslaughter offenses. The fact that a defendant is convicted for offenses in addition to intoxication manslaughter is of no consequence, for it is the multiple intoxication manslaughter convictions that are stacked, while the other convictions must run concurrently under TEX. PEN. CODE ANN. § 3.03.

The Court of Criminal Appeals has recognized the effect of Section 3.03 on a situation similar to Kuhn's in *Yvanez v. State*, 991 S.W.2d 280 (Tex.Crim.App. 1999). In that case, the defendant was convicted of four counts of intoxication manslaughter and one count of intoxication assault. The Court of Criminal Appeals stated

> [I]t was within the trial court's discretion to sentence appellant consecutively for any of the intoxication manslaughter offenses. However, it was not within the trial court's discretion to sentence the second count consecutively to the fifth count, as that involved intoxication assault and was not encompassed under the statutory exception to the concurrent sentence rule.

*Id.* at 282–83.

The judgment of the trial court is affirmed.