Opinion Issued: February 9, 2006





 



     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00592-CR
          01-04-00593-CR




ALVIN RAY ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause Nos. 952455 & 952555




O P I N I O N
          Appellant, Alvin Ray Anderson, was charged by indictment with delivery of
a controlled substance, namely cocaine, weighing less than one gram, in Cause No.
925455.


 In Cause No. 952555, he was charged by indictment for assault on a public
servant.


 Appellant entered a plea of not guilty in both causes. Both indictments
alleged two prior felony convictions as enhancements. A jury found appellant guilty
as charged in both indictments. Appellant pleaded true to the enhancement
paragraphs, and the jury found both enhancement allegations true. The trial court
sentenced him to prison for 15 years for delivery of a controlled substance and 55
years for assault on a public servant. Appellant filed a motion for new trial alleging
that his trial counsel was ineffective. The court denied this motion after a hearing. 
          In three points of error, appellant asserts that (1) the trial court erred in denying
his request to present expert testimony during the guilt/innocence phase of trial; (2) 
he was denied effective assistance of counsel during the punishment phase of trial;
and (3) the trial court abused its discretion by denying his motion for new trial. We
affirm.
Background
          On June 18, 2003, the Houston Police Department’s street-level narcotics unit 
was conducting an undercover investigation in the Montrose and Fourth Ward areas
of Houston. Undercover Officer Dirk Bogaard and his squad mate, Officer Ephraim
Arjona, were in an unmarked car attempting to buy crack cocaine when appellant
gestured the officers over to where he was standing. Bogaard asked appellant if he
had seen “Black Mike,” an individual who had previously sold crack cocaine in the
neighborhood. Bogaard testified that appellant responded by stating that he had not
seen “Black Mike” that day and asked why Bogaard wanted him. Bogaard told
appellant he “wanted a 30.”


 Appellant responded that he could get a 30 for Bogaard
and then said that, if he could get in the car, he would take them to go get the drugs.
          Appellant gave the officers driving directions to the 200 block of West Gray. 
Appellant then told Bogaard to give him the $30 and park the car. He got out of the
car, and walked down the street out of Bogaard’s view. Once he got out of view, the
officers radioed to the surveillance officers and arrest team officers to give them a
description of appellant. A few minutes later, appellant returned to the car and
handed Bogaard three small pieces of crack cocaine. As the officers were driving
appellant back to where they had picked him up, they were pulled over by a marked
police car. Appellant was arrested without incident. 
          Deputy Bernard Kelly was working as a shower deputy in the inmate
processing center at the Harris County Jail on the day after appellant’s arrest. Kelly
testified that as appellant was walking through the shower room door and into the
medical cell, appellant stopped, looked at Kelly and stated, “I remember you. I will
get you. I will kill you and your family when I get out of here.” After appellant
threatened him, Kelly decided to move appellant from the medical cell to a separation
cell because he was being disruptive. Appellant responded by cursing and taking a
“fighting stance.” Kelly testified that he approached appellant and told him to turn
around. Appellant then swung at Kelly, hitting his face and leaving a small bruise on
his cheek. Kelly testified that appellant struck him at least four or five times with his
closed fist. Appellant was charged with assault on a public servant.
          During the guilt/innocence phase of trial, appellant attempted to elicit expert
testimony from Officer Arjona on what the difference is between a terroristic threat
and an assault, and “the ability to arrest on either [offense].” The State objected on
the basis of relevance, and the trial court sustained the objection. Later, appellant
requested permission to question Officer Leon Byrd


 on the definition of assault. The
State again objected to relevance, and the trial court sustained the objection. The jury
ultimately found appellant guilty of assault on a public servant.
          During the punishment phase, appellant pled true to the enhancement
paragraphs in the indictments. The defense attempted to offer the reports of Dr.
Edward Friedman who examined appellant for competency and sanity, but the trial
court sustained the State’s hearsay objection to this evidence. The defense rested
without introducing any evidence, and the trial court sentenced appellant to 15 years
in prison for delivery of a controlled substance and 55 years in prison for assault on
a public servant.
          In his motion for new trial, appellant introduced an affidavit stating that his
trial counsel should have interviewed the men in the holding tank when the assault
occurred. He alleges that those men could have testified that he did not strike Officer
Kelly. Appellant also offered the affidavit of Ronald Durst, one of the men in the
holding cell who stated that he was present during the altercation between appellant
and Officer Kelly. Durst testified that no one had contacted him regarding what he
had seen that day. He stated that, had someone contacted him closer to the
altercation, his memory would have been better and he could have told the jury what
he had observed. After hearing the arguments of counsel, the trial court denied the
motion for new trial.Admissibility of Expert Testimony
          In his first point of error, appellant contends that the trial court erred in denying
his request to present expert testimony from Officer Arjona on the difference between
a terroristic threat and an assault. Further, appellant argues that Officer Byrd should
have been permitted to testify to the definition of assault.
          We review a trial court’s decision on the admissibility of evidence under an
abuse of discretion standard of review. See Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000). An abuse of discretion occurs where a trial court’s decision
lies outside the zone of reasonable disagreement. See Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990). In determining whether a trial court has
abused its discretion, we consider whether the court acted arbitrarily or unreasonably
or without reference to guiding rules or principles. Id. at 380.
          Appellant claims that the officers’ testimony was admissible pursuant to Texas
Rule of Evidence 702, which provides: “If scientific, technical, or other specialized
knowledge will assist the trier of fact to understand the evidence or to determine a
fact in issue, a witness qualified as an expert by knowledge, skill, experience,
training, or education may testify thereto in the form of an opinion or otherwise.” 
Tex. R. Evid. 702. Rule 702 requires the proponent to prove to the trial court, by
clear and convincing evidence, that the proffered evidence is relevant and reliable. 
Kelly v. State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). An expert witness may
state an opinion on a mixed question of law and fact as long as the opinion is
confined to the relevant issues and is based on proper legal concepts. Blumenstetter
v. State, 135 S.W.3d 234, 248 (Tex. App.—Texarkana 2004, no pet.) (citing
Birchfield v. Texarkana Mem’l Hosp., 747 S.W.2d 361, 365 (Tex. 1987)). However,
an expert witness may not testify to his opinion on a pure question of law. Baxter v.
State, 66 S.W.3d 494, 504 (Tex. App.—Austin 2001, pet ref’d) (citing Lyondell
Petrochemical Co. v. Fluor Daniel, Inc., 888 S.W.2d 547, 554 (Tex. App.—Houston
[1st Dist.] 1994, writ denied)). 
          The differences between what constitutes the criminal offenses of assault and
terroristic threat involve issues of statutory interpretation. Statutory interpretation is
a question of law. Kuhn v. State, 45 S.W.3d 207, 209 (Tex. App. —Texarkana 2001,
pet. ref’d.). An expert witness may not testify to his opinion on a pure question of
law. Baxter, 66 S.W.3d at 504. It is the trial court’s duty to instruct the jury on the
law applicable to the case. See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon
Supp. 2005). Thus, we hold that the trial court did not err in not admitting the
officers’ testimony.
          Appellant relies on a line of unpublished cases upholding the use of expert
testimony by police officers regarding whether an object constituted a deadly weapon. 
See Brown v. State, 1998 WL 177987 (Tex. App.—Houston [1st Dist.] 1998, no pet.)
(officer allowed to testify that metal pipe is a deadly weapon); see Bernal v. State,
1992 WL 45794 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (officer may give
expert testimony that prison shank is a deadly weapon); see also Simmons v. State,
1986 WL 10451 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d) (no abuse of
discretion in officer giving expert opinion that metal bat is a deadly weapon). 
Appellant notes that the officers in these cases were allowed to give their opinions on
what constitutes a deadly weapon, despite the fact that the term is defined in the Penal
Code. By analogy, appellant argues that there is no difference between an officer
defining an object as a deadly weapon and an officer testifying to what actions
constitute an assault. We disagree. While the question of whether a certain object
can be used as a deadly weapon is a mixed question of law and fact, the testimony
appellant sought was not. Appellant’s cases are inapplicable.



          We overrule appellant’s first point of error. 
Motion for New Trial
          In his second point of error, appellant contends that the trial court abused its
discretion by denying his motion for new trial. In his motion for new trial, appellant
alleged ineffective assistance of counsel based upon his counsel’s failure to “contact
and subpoena witnesses and prove defendant’s innocence.” 
          We review a trial court’s ruling on a motion for new trial under an
abuse-of-discretion standard. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim.
App. 2004). Where, as here, the motion for new trial alleges ineffective assistance
of counsel, we must determine whether the trial court’s determination of the
ineffective assistance claim and denial of the motion for new trial were clearly wrong
and outside the zone of reasonable disagreement. Keller v. State, 125 S.W.3d 600,
606–07 (Tex. App.—Houston [1st Dist.] 2003), pet. dism’d, improvidently granted,
146 S.W.3d 677 (Tex. Crim. App. 2004).
          To be entitled to a new trial based on a claim for ineffective assistance of
counsel, a defendant must demonstrate on appeal that (1) counsel’s performance was
so deficient that he was not functioning as acceptable counsel under the sixth
amendment; and, (2) but for counsel’s error, the result of the proceedings would have
been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). In the absence
of a record reference concerning counsel’s reasoning, we must generally presume that
appellant’s trial counsel had a plausible reason for his actions. See Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). 
          Appellant argues that controlling authority requires reversal on ineffective
assistance of counsel grounds when defense counsel fails to contact potential
punishment witnesses. See Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App.
1986); see also Milburn v. State, 15 S.W.3d 267, 269 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d). These cases can be easily distinguished. In both Butler and
Milburn, the defendant’s trial counsel testified at the motion for new trial hearing. 
Butler, 716 S.W.2d at 52; Milburn, 15 S.W.3d at 270. In those cases, the trial counsel
was given the opportunity to state on the record his reasons for not calling certain
witnesses. Butler, 716 S.W.2d at 52; Milburn, 15 S.W.3d at 270. 
          In this case, because appellant did not call his trial counsel as a witness at the
motion for new trial hearing, there is no record from which we can determine whether
counsel acted in a reasonably professional manner in not calling any witnesses. The
only evidence presented at the hearing was appellant’s own affidavit and the affidavit
of Ronald Durst, an alleged witness to the “assault” on Officer Kelly. Moreover, in
his affidavit, Durst stated that he was present during the altercation between appellant
and Officer Kelly, but that he did not remember the details and would not be able to
state who struck whom. 
          As we have previously noted, any claim of ineffective assistance must be firmly
grounded in the record. See Bone, 77 S.W.2d. at 835. In the absence of a record
concerning trial counsel’s reasons for acting as he did, we cannot conclude that trial
counsel’s performance was deficient. See Gamble, 916 S.W.2d at 93. Accordingly,
we find that appellant has not overcome his burden of showing that his trial counsel’s
performance fell below the standards of professional norms. See id.
We overrule appellant’s second point of error.
Ineffective Assistance of Counsel
          In his third point of error, appellant contends that his appointed trial counsel
rendered ineffective assistance during the punishment phase of trial because he failed
to properly present punishment evidence. Specifically, appellant complains that his
trial counsel failed to present mitigating evidence that might explain or negate his
extensive criminal history.
          It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. There is a strong presumption that
counsel’s performance fell within the wide range of reasonable professional
assistance. Id., 466 U.S. at 689, 104 S. Ct. at 2065. Here, neither the motion nor the
hearing on appellant’s motion for new trial mentioned mitigation of appellant’s
criminal history. Accordingly, this argument is not preserved for appellate review. 
Tex. R. App. P. 33.1.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. See Tex. R. App. P. 47.2(b)