In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00102-CR
______________________________


HUDLE LEE HARDY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 31820-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Hudle Lee Hardy was indicted for aggravated sexual assault.


 A jury found him
guilty of the lesser included offense of sexual assault.


 The jury then found an
enhancement allegation to be true, resulting in a mandatory life sentence.


 Hardy appeals,
contending the trial court erred in submitting to the jury a lesser offense and in admitting
certain evidence. He also complains that the evidence supporting the enhancement
allegation is legally and factually insufficient, and that he received ineffective assistance
of counsel. We overrule all contentions and affirm the judgment of the trial court.
          The State contended at trial Hardy abducted the victim at a convenience store,
forced her to drive to an abandoned house, and then raped her repeatedly. Hardy's
defense theory was that the alleged victim stopped to help Hardy, who was having car
trouble, and afterward, she agreed to have sex with him in exchange for crack cocaine.
Lesser Included Offense Instruction Was Proper
          Hardy contends the trial court erred by submitting to the jury an instruction on the
lesser included offense of sexual assault. Before the case was submitted to the jury, the
State requested an instruction on the lesser included offense of sexual assault. Over
Hardy's objection, the trial court included the instruction in its jury charge. Hardy contends
the evidence does not support the inclusion of such an instruction.
          We apply a two-pronged test to determine if a lesser included offense instruction
should be given. First, the lesser included offense must be included within the proof
necessary to establish the offense charged. Second, some evidence must exist in the
record that, if the defendant is guilty, he or she is guilty only of the lesser offense. 
Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). 
          Hardy does not dispute, nor do we feel the need to examine, whether sexual assault
is included within the proof necessary to establish aggravated sexual assault. We then
turn to the second prong of the test. We analyze the issue of lesser included offenses in
terms of determining whether there is any evidence in the record from any source to
indicate that, if an appellant was guilty, he or she was guilty only of the lesser included
offense. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to
a lesser charge." Jones v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (citing
Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). We employ the same
analysis regardless of whether the defendant or the state requests the instruction. Arevalo
v. State, 943 S.W.2d 887, 890 (Tex. Crim. App. 1997).
          The Penal Code provides, in part, that a person commits sexual assault if the
person: (1) intentionally or knowingly, (2) causes the penetration of the anus or sexual
organ of another by the sexual organ of the actor, without that person's consent. Tex. Pen.
Code Ann. § 22.011(a). In relevant part, the offense is elevated to aggravated sexual
assault if the offender by acts or words occurring in the presence of the victim threatens
to cause, or places the victim in fear of death or serious bodily injury. Tex. Pen. Code Ann.
§ 22.021. The controlling difference in this case is the presence of a threat or fear of death
or serious bodily injury.



          Thus, the question for our review is focused. Is there any evidence in the record
that would allow a rational juror to find that Hardy had committed sexual assault, but did
so without employing acts or words which threatened, or placed the victim in fear of, death
or serious bodily injury? We hold there is such evidence.
          The victim testified she believed she would be subject to death or serious bodily
injury if she resisted Hardy's sexual advances. She testified Hardy struck her in the face. 
She also testified Hardy told her, "I'll take you out," if she tried to stop anyone for help. 
This evidence of the existence of aggravating factors did not go uncontradicted.
          FBI agent Cliff Carruth testified about statements Hardy made to him. Carruth
testified Hardy told him he did not strike the victim but "simply jerked her around and
shoved her to the ground and then he says he then forced sex on her." Carruth did not
testify Hardy told him he threatened the victim or acted in a way as to place her in fear of
death or serious bodily injury.
          In seeking submission of a lesser offense, the bar that a party is required to clear
is not high. "So long as there is some evidence which is 'directly germane' to a lesser
included offense for the factfinder to consider, then an instruction on the lesser included
offense is warranted." Jones, 984 S.W.2d at 257. The jury was free to believe any or all
of the victim's testimony just as it was free to do so with Carruth's. Indeed, the record
shows that the jury did weigh Carruth's testimony when deciding if the aggravating factors
had been proven. A jury note reads, "Several jurors believe Spc. Agent Carruth's
testimony contains Mr. Hardy's admission of a verbal threat against Jane Doe 1003. 
Additional jurors believe he did not admit to any type of threats." 
          We hold that Carruth's testimony was more than a scintilla of evidence that would
allow a rational juror to determine Hardy had committed sexual assault but not aggravated
sexual assault. The trial court therefore did not err by submitting a lesser included offense
instruction to the jury. Hardy's first point of error is overruled.
Error Regarding Testimony Not Preserved
          Hardy next contends the trial court erred by allowing Carruth to testify about oral
statements Hardy made to him. Hardy's contention on appeal is that his oral statements
were inadmissible because they did not comply with Article 38.22 of the Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (Vernon 2005). Hardy did not,
however, present this complaint to the trial court. To present a complaint for appellate
review, that same complaint must have been made to the trial court. Tex. R. App. P. 33.1. 
          Hardy contends this complaint was presented to the trial court. However, the portion
of the record to which he directs us concerns a discussion between the trial court and
counsel about the testimony of a detective with the Kilgore Police Department, not Carruth.
In addition, Hardy's trial counsel conceded during this discussion with the trial court that
Carruth's testimony was admissible. Because Hardy did not raise this issue at the trial
court level, we will not consider it here. 
Complaint Regarding Sufficiency of Evidence to Prove 
Enhancement Allegation Not Preserved

          Hardy also contends the evidence was legally and factually insufficient to prove the
prior offense used to enhance his conviction. He correctly points out that "[t]he Texas
statute requires that there be some proof that the elements of the enhancement conviction
are substantially similar to some offense listed in [Penal Code § 12.42(c)(2)(B)]." He then
complains that "in the case at bar, there was no such offer and there is no such proof." We
overrule this contention, affirming the trial court's determination that the elements of the
prior offense are substantially similar to one of the offenses listed in Section 12.42(c)(2)(B).
          During the trial's punishment phase, the State introduced evidence Hardy had
previously been convicted of "forcible rape" in the state of California. See Cal. Pen. Code 
§ 261(a)(2). The State introduced certified documents from California showing such
conviction in cause number CR 38768 in the superior court of Riverside County on
March 11, 1991, and specifically referencing Section 261(a)(2) of the California Penal
Code. Hardy did not object to the introduction of these documents. 
          Section 12.42(c)(2)(B)(v) of the Texas Penal Code provides a mandatory life
sentence for a defendant convicted of sexual assault who has previously been convicted
of an offense under the laws of another state with elements that are substantially similar
to the offenses listed in subsections (B)(i)–(iv). These offenses are all sex-related crimes,
including sexual assault, indecency with a child, and burglary with the intent to commit
sexual assault. Tex. Pen. Code Ann. § 12.42(c)(2)(B). 
          Statutory interpretation is a question of law to be determined by the trial court, not
the jury. See Kuhn v. State, 45 S.W.3d 207, 209 (Tex. App.—Texarkana 2001, pet. ref'd). 
Therefore, the trial court was required to take judicial notice of the California statute and
make a finding that the California offense is substantially similar to one of the offenses
discussed above. See Cross v. State, 114 S.W.3d 92, 100 (Tex. App.—Eastland 2003),
aff'd in part & rev'd in part on other grounds, 144 S.W.3d 521 (Tex. Crim. App. 2004). 
          A court may, on its own motion, take judicial notice of the constitutions, public
statutes, rules, regulations, ordinances, court decisions, and common law of every other
state. Tex. R. Evid. 202. Before submitting its charge to the jury on the enhancement
allegation, the trial court discussed with the parties, outside the presence of the jury, how
it would proceed on the enhancement. The trial court informed both the State and Hardy
that, if the jury found the enhancement true, the trial court would impose a life sentence
on Hardy. Although not shown by the record, taking judicial notice of the California statute
and finding that the California offense is substantially similar to an offense in Section
12.42(c)(2)(B) was implicit in the trial court's decision to follow this procedure. Such judicial
notice and finding must be assumed because the trial court could not charge the jury on
the enhancement, or impose a mandatory life sentence, without making such a
determination. 
          A party is entitled, on timely request, to an opportunity to be heard as to the
propriety of taking judicial notice. Tex. R. Evid. 202. Hardy did not make such a request
or object and, in fact, affirmatively agreed on the record that the court's intended procedure
was proper. He reiterated this position in his closing argument to the jury: 
[T]he State is seeking a life sentence. They're asking you to find this
allegation true.
 
The effect of that is when you do, Mr. Hardy will be sentenced by the
Court to a term of life in prison and that's kind of the end of it. 

           We review de novo the trial court's determination as we would any ruling on a
question of law. Tex. R. Evid. 202. Hardy was convicted under California Penal Code
Section 261(a)(2). That section provides, in part, that rape is an act of sexual intercourse
accomplished against a person's will by means of force, violence, duress, menace, or fear
of immediate and unlawful bodily injury on the person or another. Cal. Pen. Code
§ 261(a)(2). 
          This language is very similar to the Texas sexual assault statute, which provides,
in part, that a person commits sexual assault if the person causes the penetration of the
anus or sexual organ of another person by any means, without that person's consent. 
Sexual assault is without consent if the offender compels the other person to submit or
participate by the use of physical force or violence. See Tex. Pen. Code Ann. § 22.011. 
We hold the trial court's determination that the two statutes are substantially similar was
correct. Hardy's contention is overruled.
No Proof of Ineffective Assistance of Counsel
          Hardy finally contends he received ineffective assistance of counsel because his
attorney did not object to Carruth's testimony and did not secure the attendance of a
witness or make an offer of proof as to her testimony. We overrule this point of error.
          The standard for testing claims of ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional
claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on
this claim, an appellant must prove by a preponderance of the evidence (1) that counsel's
representation fell below an objective standard of reasonableness and (2) that the deficient
performance prejudiced the defense. Strickland, 466 U.S. at 688; Rosales v. State,
4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant must prove
that the attorney's representation fell below the standard of prevailing professional norms
and that there is a reasonable probability that, but for the attorney's deficiency, the result
of the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000). Under this standard, a claimant must prove that counsel's representation so
undermined the proper functioning of the adversarial process that the trial cannot be relied
on as having produced a just result. Strickland, 466 U.S. at 686. 
          Our review of counsel's representation is highly deferential, and we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. This Court will not second-guess
through hindsight the strategy of counsel at trial, nor will the fact that another attorney
might have pursued a different course support a finding of ineffectiveness. Blott v. State,
588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another attorney, including appellant's
counsel on appeal, might have pursued a different course of action does not necessarily
indicate ineffective assistance.
          As we noted in our discussion of his second point of error, Hardy's trial counsel did
not object to Carruth's testimony. Hardy contends his trial counsel should have objected
because the oral statements to which Carruth testified were not properly recorded in
accordance with Article 38.22 of the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 38.22 (Vernon 2005). 
          First, it is not clear that an objection, if made, would have been sustained. Section 8
of Article 38.22 provides that the requirements of that article do not apply if "the statement
was obtained by a federal law enforcement officer in this state or another state and was
obtained in compliance with the laws of the United States." Tex. Code Crim. Proc. Ann.
art. 38.22, § 8. Carruth was a federal law enforcement officer working for the FBI. There
is no contention that Hardy's statement was obtained in violation of the laws of the United
States. Therefore, the statement that Hardy made to Carruth would seem to be covered
by Section 8, rendering an objection fruitless.
          Hardy contends on appeal that Section 8 does not apply to Carruth's testimony
because he was working with Texas law enforcement officials when he obtained the
statement. While we do not express an opinion on the ultimate merits of such an
argument, we note that its success is far from certain. Hardy's trial counsel could have
reasonably believed that such an argument would have failed before the trial court.
          Second, there are any number of strategic reasons why Hardy's trial counsel may
have desired the introduction of Hardy's statement to Carruth. One, it contradicted the
testimony of the victim. Two, as discussed, it was evidence that, if Hardy was guilty, he
was guilty of a lesser crime. We will not second-guess through hindsight the strategy of
trial counsel. Blott, 588 S.W.2d at 592.
          Hardy also contends his trial counsel was ineffective because counsel failed to
secure the presence of Brenda Chappell, a potential witness. Counsel's failure to call
witnesses at the guilt/innocence and punishment stages is irrelevant absent a showing that
such witnesses were available and that appellant would benefit from their testimony. King
v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). Hardy has not made such a showing.
          We overrule Hardy's final point of error.
Conclusion
          Having denied all points of error, we affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice
 
Date Submitted:      December 27, 2005
Date Decided:         February 22, 2006

Publish