

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00058-CR

_____

ALBERT RANDOLPH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-2075-07

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Charged with sexual assault of a child, Albert Randolph elected to be tried before the trial court and not by a jury. He was convicted and his sentence was enhanced by a prior conviction to life imprisonment.

In this appeal,[1] Randolph does not contest the conviction; rather, he contends that the previous offense was improperly used to enhance his punishment. As the basis for that contention, he maintains that the prior conviction in another State was not substantially similar to a Texas offense.

The basis for the enhancement was a 1993 conviction in Minnesota for what that state described as the felony offense of criminal sexual conduct, for which he had been sentenced to a ten-year probation. He argues that the evidence was legally and factually insufficient to establish that the (Minnesota) prior offense was substantially similar to any Texas offense, and thus, the trial court erred by using it to enhance punishment in this prosecution.[2]

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Section 12.42(c)(2)(B)(v) of the Texas Penal Code provides for enhancement of a sentence to life imprisonment when there has been a prior conviction "under the laws of another state containing elements that are substantially similar to the elements of an offense" of certain penal violations, including Section 22.021 of the Texas Penal Code, the crime with which Randolph was charged. TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v) (Vernon Supp. 2008), § 22.021.

Randolph correctly points out that in his circumstance, the Texas statute requires that there be some proof that the elements of the enhancement conviction are substantially similar to some offense listed in Section 12.42(c)(2)(B) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(B) (Vernon Supp. 2008). In this case, the record shows that Randolph was convicted under Chapter 609 of the Minnesota statutes; the trial court found that the Minnesota offense of criminal sexual conduct was substantially similar to an offense listed in Section 12.42(c)(2)(A)(i). *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i) (Vernon Supp. 2008).

Statutory interpretation is a question of law to be determined by the trial court. *See Kuhn v. State*, 45 S.W.3d 207, 209 (Tex. App.—Texarkana 2001, pet. ref'd). Therefore, the trial court was required to, and did, take judicial notice of the Minnesota statute and make a finding that the Minnesota offense is substantially similar to one of the offenses discussed above. *See Cross v. State*, 114 S.W.3d 92, 100 (Tex. App.—Eastland 2003), *aff'd in part & rev'd in part on other grounds*, 144 S.W.3d 521 (Tex. Crim. App. 2004).

The State posits that Section 609.342 of the Minnesota statute, entitled "Criminal Sexual Conduct in the First Degree" is substantially similar to Section 22.021 of the Texas Penal Code (aggravated sexual assault). *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008). The Minnesota judgment states that he was found guilty of count 1, first-degree criminal sexual conduct. The case disposition sheet indicates that the specific charge for the first count was under Section 609.342, subdivision 1(a). That section, in 1993, read as follows:

3

Subdivision 1. Crime defined. A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the first degree if any of the following circumstances exists:

      (a) the complainant is under 13 years of age and the actor is more than 36 months older than the complainant . . . .

MINN. STAT. ANN. § 609.342(a) (1993) (amended 1994, 1995, 1998, 2000, 2005, and 2007).

In comparison, Section 22.021 provides (among other things) that a person commits the offense of aggravated sexual assault if the person causes the penetration of the sex organ or mouth of a child under the age of fourteen by any means.

We have previously determined that the trial court's determination on this issue is to be reviewed de novo by us, as we would any ruling on a question of law. *Hardy v. State*, 187 S.W.3d 232, 236 (Tex. App.—Texarkana 2006, pet. ref'd). Our review of the statutes set out above shows that the stated elements of the offenses are indeed substantially similar. Thus, we affirm the trial court's determination that the elements of the prior offense are substantially similar to one of the offenses listed in Section 12.42(c)(2)(A)(i).

Randolph also argues that insufficient evidence was presented by the State to allow the court to even know the contents of the Minnesota statute. The record does not show that the State provided a copy of the applicable statute to the court. However, at the sentencing proceeding, the trial court stated that it had allowed the parties the opportunity to review the pertinent statutes and that "[t]he Court has and does take judicial notice of the Minnesota statutes under the Minnesota

4

Codes" (specifying certain sections), and then stating that it was taking judicial notice of the entire Chapter 609.[3]

In addition to the review of the statutory material by the trial court, the State presented testimony from Bridget Cleary, the custodian of records for the Hennepin County, Minnesota, Sheriff's Department. Although it was not shown that a person holding the office of custodian of records made Cleary an expert concerning the laws of Minnesota, she was permitted to testify without objection as to the meaning of the documents her testimony authenticated. She authenticated the documents introduced as proof of the conviction, testified briefly about the nature of a first-degree sexual assault charge as set out in Chapter 609 of Minnesota law and stated that this type of prosecution under the laws of Minnesota involved the sexual penetration of another person. Cleary went further to explain the general nature of the type of prosecution involved in the Minnesota offense—sexual assault involving penetration.

Randolph also argues that the documents do not show a conviction for such an offense. He takes the position that the records introduced show that he was placed on probation. Randolph apparently relies on the long-standing rule that "a probated sentence is not a final conviction for enhancement purposes unless it is revoked." *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim.

---

[3]Counsel did not complain about any failure to review a copy of the actual statute. If such was the case, such an objection could have been raised under the language of Rule 202 of the Texas Rules of Evidence, which provides that a party requesting that judicial notice be taken of a statute of another state shall furnish the court "sufficient information to enable it properly to comply with the request." TEX. R. EVID. 202.

App. 1992) (citing *Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978)). That statement is at least partially correct. However, Cleary, in explaining the vagaries of Minnesota law, testified that the documents revealed that Randolph had been convicted of the offense, placed on probation, had violated the terms of his release, and been thereafter returned to jail to answer for "an arrest and detention warrant." She further testified that the documents introduced were post-conviction documents.

Cleary's opinion testimony regarding the finality of the conviction after Randolph had been placed on probation is rather weak proof of the finality of the conviction. Nevertheless, the trial court was not forced to rely on that evidence in using the prior conviction for enhancement purposes. Section 12.42(g)(1) of the Texas Penal Code specifically states that for the purposes of subsection (c)(2) of that same statute,

> a defendant has been previously convicted of an offense listed under Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision . . . .

TEX. PENAL CODE ANN. § 12.42(g)(1) (Vernon Supp. 2008).

As a result of that part of the statute, "a prior foreign conviction for an offense containing elements that are substantially similar to the elements of an offense listed under subsection 12.42(c)(2)(B) may be used to enhance punishment in Texas under subsection 12.42(c)(2), even if

6

the sentence for that conviction was probated and the probation was not revoked." *Ex parte White*, 211 S.W.3d 316, 319 (Tex. Crim. App. 2007).

Error has not been shown. We affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted:     December 1, 2008
Date Decided:       December 2, 2008

Do Not Publish