Opinion issued October 4, 2018.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00606-CR

———————————

**JOHNNY ALLEN JENNINGS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1512991**

---

## MEMORANDUM OPINION

Appellant, Johnny Allen Jennings, pleaded guilty to the offense of aggravated assault of a family member with a deadly weapon, and the trial court assessed his punishment at sixty-five years' confinement. In a single issue, Jennings argues that we should vacate his sentence and remand this case to the trial court for a new

sentencing proceeding because the sentence, which exceeds the statutory maximum sentence for his offense, is void. We modify the trial court's judgment to reflect a sentence of twenty years' incarceration and affirm the judgment as modified.

## Background

Jennings was charged by indictment with the second-degree felony offense of aggravated assault of a family member with a deadly weapon after his girlfriend reported to police that he stabbed her under her chin with a screwdriver after he threatened to kill her, their two-year old son, and himself.

Jennings had previously been charged by indictment with the first-degree felony offense of aggravated sexual assault of a disabled person in an unrelated case involving a different complainant, R.S.[1] The State had also alleged in that case that Jennings had been convicted in Colorado in 2003 of the felony offense of attempted sexual assault of a child. Jennings was on bail in the aggravated sexual assault case when he injured his girlfriend.

Jennings pleaded guilty to both offenses, without an agreed recommendation, and elected for the trial court to assess punishment in both cases after a pre-sentence

---

[1] This case is the subject of a separate appeal, Cause No. 01-17-00605-CR (trial court case no. 1475819). An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties. *Fletcher v. State*, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007); *Huffman v. State*, 479 S.W.2d 62, 68 (Tex. Crim. App. 1972). Therefore, we take judicial notice of the records in both cause numbers.

investigation (PSI) was conducted. Before accepting his guilty pleas, the trial court properly admonished Jennings on the record that the underlying offense in this appeal, aggravated assault of a family member with a deadly weapon, was a second-degree felony offense punishable by a term of two to twenty years' imprisonment and a fine of up to $10,000. The trial court also admonished Jennings that aggravated sexual assault of a disabled person was a first-degree felony offense and that, because the State had alleged that he had a final felony conviction for attempted sexual assault, this offense was punishable by a term of fifteen to ninety-nine years' imprisonment or life imprisonment, and a fine of up to $10,000. *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2017).

After the PSI report was completed, the trial court held a joint punishment hearing for both offenses. At the beginning of the hearing, the State offered, and the trial court admitted without objection, the PSI report and Jennings's Colorado pen packet. The PSI report contains, among other things, detailed summaries of the offense reports prepared in both charged cases and the Colorado case used to enhance Jennings's punishment.

At the end of the hearing, the trial court pronounced Jennings's punishment. Specifically, the trial court stated:

> Mr. Jennings, you are a dangerous predator who repeatedly preys on the weak and disabled. You have no remorse because you lack the ability to understand the wrongfulness of your acts and their effect on the people you victimize. So in order to protect the people of Harris

3

> County and hopefully give your victims closure to the pain, suffering, and mental anguish you have caused them, I hereby sentence you to confinement in the Texas Department of Criminal Justice Institutional Division for a period of 65 years. You are hereby remanded to the custody of the sheriff so that this order may be carried out.

The judgment in this case reflects that the trial court assessed Jennings's punishment at sixty-five years' imprisonment, to run concurrently with the sixty-five-year sentence imposed for the first-degree felony offense of aggravated sexual assault of a disabled person. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(A)(iii), (a)(2)(C) (West Supp. 2017).

## Void Sentence

In his sole issue on appeal, Jennings argues that we should vacate his sixty-five-year prison sentence and remand this case to the trial court for a new sentencing proceeding because the sentence, which exceeds the statutory maximum sentence for his offense, is void.

## A. Standard of Review and Applicable Law

An unauthorized sentence is illegal and has no legal effect. *See Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006); *see also Hern v. State*, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994) (en banc) (holding sentence outside statutory limits is void). Whether a sentence exceeds the range of punishment authorized by statute is a question of law that we review de novo. *See Yazdchi v. State*, 428 S.W.3d 831,

837 (Tex. Crim. App. 2014); *Kuhn v. State*, 45 S.W.3d 207, 209 (Tex. App.—Texarkana 2001, pet. ref'd).

Aggravated assault of a family member is a second-degree felony when, as here, the assault causes bodily injury and the defendant uses or exhibits a deadly weapon during the assault. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011). A second-degree felony is punishable by a prison sentence of two to twenty years and a fine not to exceed $10,000. *See id.* § 12.33. The State concedes that Jennings's sixty-five-year prison sentence is void because it exceeds the maximum punishment authorized by statute. *See Ex parte Rich*, 194 S.W.3d at 512.

When reversing a trial court's judgment, an appellate court must "render the judgment that the trial court should have rendered," except when (1) remand is necessary for further proceedings or (2) the interests of justice require a remand for another trial. TEX. R. APP. P. 43.3. In most cases in which a defendant enters a guilty plea that is not a part of a plea-bargain agreement, and the trial court assesses an unauthorized sentence, the appropriate remedy is to allow the finding of guilt to remain and remand the case for a proper assessment of punishment. *See Ex parte Rich*, 194 S.W.3d at 514 (citing *Levy v. State*, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991)). Appellate courts, however, have the authority to modify a trial court's judgment, *see* TEX. R. APP. P. 43.2(b), including modifying punishment to accurately reflect the trial court's intent, when the court's intent is clear from the appellate

record. *See McCray v. State*, 876 S.W.2d 214, 217 (Tex. App.—Beaumont 1994, no writ) (modifying judgment bringing sentence within applicable range of punishment where trial court's intent to impose maximum sentence was clear from record); *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc) (modifying judgment to reflect conviction of lesser-included offense).

## B.    Analysis

There is no dispute that Jennings's sixty-five-year prison sentence in this aggravated assault case is void because it exceeds the maximum punishment authorized by statute. *See Ex parte Rich*, 194 S.W.3d at 512. The question presented here concerns the appropriate remedy. While Jennings argues that we must reverse the judgment and remand for a new punishment hearing, the State contends that remand is not required because the record before us contains sufficient data or evidence indicating the trial court's intent to impose the maximum sentence in the aggravated assault case.

Relying on *McCray*, the State argues that this Court should modify the judgment to reflect the maximum punishment authorized for a second-degree felony—twenty years' imprisonment. *McCray*, 876 S.W.2d at 217. In that case, the appellate court held that McCray's sentence was illegal because it exceeded the maximum sentence authorized for a third-degree felony—ten years' incarceration—and it reformed the judgment to reflect the maximum ten-year punishment. *Id*. The

court reasoned that reformation of the judgment, rather than remand, was appropriate in that case because the court had "the necessary data and evidence before it for reformation," namely, statements the trial court made when it pronounced McCray's sentence and the severity of the sentence the trial court imposed. *Id.* (discussing trial court's comments, court's mistaken belief that McCray was being sentenced for second-degree offense of aggravated kidnapping, and court's pronouncement of maximum sentence court believed available).

When the trial court pronounced Jennings's sentence, the court emphasized that Jennings was "a dangerous predator who repeatedly preys on the weak and disabled" and lacks any sort of remorse or repentance for his actions. The trial court expressed its concern that Jennings presented a danger to society and stated that the court's sentence was intended to "protect the people of Harris County and give [Jennings's] victims closure." At the same hearing, the trial court sentenced Jennings to 65 years in prison for assaulting a disabled woman, a sentence well within the punishment range for that offense. This sentence, coupled with the court's statements, provides sufficient data and evidence demonstrating the court's intent to impose the maximum sentence in this case. *See generally McCray*, 876 S.W.2d at 217

## Conclusion

Based on the record before us, we reform the punishment portion of the judgment to reflect twenty years' confinement in TDCJ and affirm as modified.


Russell Lloyd
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).