

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00002-CR

_____

RICKEY WILLIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 17F0450-202

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

OPINION

After a jury found Rickey Willis guilty of continuous abuse of a child under fourteen years of age, the trial court sentenced him to life in prison. Willis appeals, maintaining that the trial court improperly used a prior Arkansas conviction to enhance his punishment because the evidence was insufficient to show that the Arkansas conviction was substantially similar to the Texas offense. For the reasons below, we overrule Willis' sole point of error and affirm the trial court's judgment.

I.      **Background and Procedural History**

Section 12.42(c)(2)(B)(v) of the Texas Penal Code provides a mandatory life sentence for a defendant convicted of sexual assault who has previously been convicted of an offense under the laws of another state with elements that are substantially similar to the offenses listed in subsection (B)(i)–(iv). TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v). Those offenses are all sex-related crimes, including sexual assault, indecency with a child by contact, and burglary with intent to commit sexual assault. TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(i)–(iv).

On September 21, 2018, the State filed notice of its intention to seek a mandatory life sentence pursuant to Section 12.42 of the Texas Penal Code. In its notice, the State explained that it intended to show that on August 13, 1991, and prior to the commission of the charged offense, Willis had been convicted of the felony offense of first-degree sexual abuse in Miller County, Arkansas, in cause number 91-3.[1] The State argued that Willis' Arkansas conviction contained

_____

[1]The Arkansas statute creating the offense of first-degree sexual abuse, which was in effect at the time of Willis' Arkansas conviction, was found at Section 5-14-108 of the Arkansas Penal Code, and stated, in part: A person commits the offense of sexual abuse in the first degree if "[b]eing eighteen (18) years old or older, he engages in

2

elements that were substantially similar to the elements of indecency with a child by sexual contact under Section 21.11(a)(1) of the Texas Penal Code.[2]

Following the jury's return of a guilty verdict against Willis, the State reminded the trial court that it had filed its notice of intention to seek a mandatory life sentence in the event the jury found him guilty. The State also reminded the court that a witness had established that Willis had been convicted of the Arkansas offense of first-degree sexual abuse and that the elements of that offense were substantially similar to the elements of the Texas offense of indecency with a child by sexual contact. The State asked the trial court to admit the judgment against Willis for the Arkansas offense, along with the penitentiary packet which had been generated as a result of that conviction.

The State then asked the trial court to determine whether the two offenses were substantially similar. The State explained, "If the Court does so find, then it will be an automatic

---

sexual contact with a person not his spouse who is less than (14) years old." *Holloway v. State*, 849 S.W.2d 473 (Ark. 1993) (quoting ARK. CODE ANN. § 5-14-108 (1991)). The term "sexual contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." ARK. CODE ANN. § 5-14-101(8) (West, Westlaw current through 2019).

[2]In Texas, the offense of indecency with a child is defined as follows:
> (a)  A person commits an offense [of indecency with a child] if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:
> > (1)  engages in sexual contact with the child or causes the child to engage in sexual contact.

TEX. PENAL CODE ANN. § 21.11(a)(1). In addition, Section 21.11(c) of the Texas Penal Code states,
> (c)  In this section, 'sexual contact' means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
> > (1)  any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
> > (2)  any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

TEX. PENAL CODE ANN § 21.11(c).

life sentence for Mr. Willis." Over no objection from Willis, the trial court admitted the two documents that the State had offered. The record reflects that the trial court paused and then found that the elements of the Arkansas statute, upon which Willis had been convicted of first-degree sexual assault, were substantially similar to the elements of the Texas offense of indecency with a child.

The trial court responded, "At this time, the Court finds that, Mr. Willis, you have been convicted by this jury of . . . continuous sexual abuse of a child under 14 years of age . . . ." The court continued, "And you've previously been convicted of an offense under the laws of another State containing the elements as set forth . . . in the Texas [Penal C]ode of indecency with a child by contact." The court concluded, "Therefore, under Penal Code Section 12.42(c)(2) governing penalties for repeat and habitual offenders, at this time I am sentencing you to imprisonment . . . for a period of life."

## II.    Discussion

### A.    The Evidence Was Sufficient to Establish that the Prior Arkansas Conviction Was Substantially Similar to Texas Law to Allow Enhancement Under Section 12.42(c)(b)(2)(v) of the Texas Penal Code

On appeal, Willis maintains, "No evidence was introduced as to the elements of the historical Arkansas Penal Code statute . . . from 1991 which has been repealed." He continues, "Had the statute been current, a copy would have been easily acquired. Based upon these facts, it would have been virtually impossible for the Court to determine substantial similarity under the

4

resources available." In other words, Willis contends that the trial court did not have sufficient evidence to allow it to compare the elements contained in the two statutes.[3]

In *Hardy v. State*, we addressed a case involving facts remarkably similar to the present case. *Hardy v. State*, 187 S.W.3d 232 (Tex. App—Texarkana 2006, pet. ref'd). In that case, the defendant was charged with aggravated sexual assault, and the State alleged that he had previously been convicted of an offense in California which justified enhancement to an automatic life sentence under Section 12.42(c)(2)(B)(v). *Id.* at 236. The jury found the defendant guilty of the lesser-included offense of sexual assault, and it also found the enhancement allegation to be true.

---

[3]In support of his argument, Willis directs us to *Crabtree v. State*, 389 S.W.3d 820 (Tex. Crim. App. 2012). There, Crabtree had been previously convicted in Washington for rape of a child in the first degree, child molestation in the first degree, and statutory rape in the first degree. *Id.* at 823. Upon learning of Crabtree's convictions in Washington, Texas law enforcement officials arrested him for failing to register as a sex offender. During Crabtree's trial, the State introduced the Washington judgments and charging instruments. A crime scene investigator, who compared Crabtree's fingerprints to those in the Washington documents, testified that the conduct described in the charging instrument for rape of a child in the first degree would be considered, in Texas, as a first-degree felony of aggravated sexual assault of a child. *Id.*

A sheriff's deputy, who oversaw the local sex-offender registration program, testified that the Washington charge of rape of a child in the first degree "was substantially similar to the Texas offense of aggravated sexual assault of a child" and that "child molestation in the first degree was substantially similar to a sexually violent offense." *Id.* Yet, she conceded that the Department of Public Safety (DPS) was ultimately responsible for determining whether an out-of-state conviction was substantially similar to a Texas offense. *Id.* The State did not offer any evidence at trial or otherwise notify the trial court that the DPS had determined Crabtree's Washington conviction was substantially similar to a Texas offense, thereby requiring registration. *Id.* The jury found Crabtree guilty and assessed his punishment at eighteen years' confinement. However, the Texas Court of Criminal Appeals concluded that the evidence was insufficient to support the conviction because "[t]he record [was] silent as to whether DPS previously determined that the Washington offense of rape of a child in the first degree was substantially similar to a Texas offense statutorily defined as a 'reportable conviction or adjudication.'" *Id.* at 833.

Thus, in *Crabtree*, the question whether the elements of the prior, out-of-state conviction were substantially similar to a Texas offense so that Crabtree was required to register in Texas was an essential element of the State's case-in-chief. *See* Tex. CODE CRIM. PROC. ANN. art. 62.102(a) ("A person commits an offense if the person is required to register and fails to comply with any [registration] requirement of this chapter."). Accordingly, whether the State established that element was a fact question for the jury. Here, by contrast, the question of whether Willis' prior offense was substantially similar to a Texas offense was a question of law for the trial court to decide. *See* TEX. R. EVID. 202(e) ("**Determination and Review.** The court—not the jury—must determine the law of another state . . . . The court's determination must be treated as a ruling on a question of law."); *see also Kuhn v. State*, 45 S.W.3d 207, 209 (Tex. App.—Texarkana 2001, pet. ref'd). Consequently, *Crabtree* is inapplicable to the present case.

5

*Id.* at 233. Based on those findings, the trial court sentenced the defendant to life in prison under Section 12.42(c)(2)(B)(v).

On appeal, the defendant argued that the evidence was insufficient to support enhancement under Section 12.42(c)(2)(B)(v). *Id.* at 235. We noted that the defendant was correct in pointing out that "[t]he Texas statute requires that there be some proof that the elements of the enhancement conviction are substantially similar to some offense listed in [Section 12.42(c)(2)(B) of the Texas Penal Code.]" *Id.* However, we found that the proof was sufficient because "[t]he State introduced certified documents from California showing such conviction in cause number CR 38768 in the superior court of Riverside County on March 11, 1991, and specifically referencing Section 261(a)(2) of the California Penal Code" and "Hardy did not object to the introduction of these documents." *Id.* at 236.

In the present case, as in *Hardy*, the State offered, and the trial court admitted (1) the Arkansas judgment and commitment order showing that Willis had been convicted of "Sexual Abuse 1st [State's Exhibit 1,]" on August 13, 1991, and (2) a penitentiary packet from the Arkansas Department of Correction, showing that Willis had been convicted of "Sexual Abuse – 1st Degree [State's Exhibit 2.]" Also like the evidence in *Hardy*, the State's exhibits in this case specifically referenced the other state law at issue by citation. And finally, as in *Hardy*, Willis did not object to the admission of either of these exhibits. Consequently, based on *Hardy*, there is sufficient evidence in the record to support the trial court's ruling. We overrule Willis' first point of error.

6

**B.** **The Record Sufficiently Demonstrates that the Trial Court Took Judicial Notice of Arkansas Code § 5-14-108.**

Willis next argues that the trial court failed to take judicial notice of the Arkansas statute and, by failing to do so, could not possibly have determined that the Arkansas Statute was substantially similar to Texas law. However, the record supports a finding that the trial court took the requisite judicial notice.

In *Hardy*, the record did not explicitly show that the trial court took judicial notice. *Id*. Nevertheless, we determined that a California sexual offense was substantially similar for purposes of Section 12.42(c)(2)(B). *Id*. Specifically, we held,

> Although not shown by the record, taking judicial notice of the California statute and finding that the California offense is substantially similar to an offense in Section 12.42(c)(2)(B) was implicit in the trial court's decision to follow this procedure. Such judicial notice and finding must be assumed because the trial court could not charge the jury on the enhancement, or impose a mandatory life sentence, without making such a determination.

*Id*.; *see also Banks v. State*, 494 S.W.3d 883, 896 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *Suares v. State*, No. 05-07-00862-CR, 2008 WL 2747186, at *2 (Tex. App.—Dallas July 16, 2008, pet. ref'd) (mem. op., not designated for publication); *Green v. State*, No. 14-06-00535-CR, 2007 WL 2265787, at *9 (Tex. App.—Houston [14th Dist.] Aug. 9, 2007, no pet.) (mem. op., not designated for publication)[4] (applying *Hardy* where punishment was tried to trial court). Consequently, even though the trial judge did not expressly state that he was taking judicial

---

[4]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

notice of Arkansas Code § 5-14-108, we may presume that the trial court in this case took the requisite judicial notice.[5]

---

[5]Rule 203 of the Texas Rules of Evidence requires a party requesting the trial court to take judicial notice of a foreign law to "supply all parties a copy of any written materials or sources the party intends to use to provide the foreign law." TEX. R. EVID. 203(a)(2). Rule 202, which governs judicial notice of other States' laws, has no such requirement. *See* TEX. R. EVID. 202. The absence of Rule 203's proof requirement in Rule 202 makes sense when the accessibility of state law is compared to the accessibility of foreign law.

In the United States, there are two primary legal research companies which maintain comprehensive compilations of every state's laws. In addition, there are a myriad of online databases containing citations to state laws in every state. And although they may be translated into other languages, every State's laws are published in English. Accordingly, the content of another state's law "is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(b)(2). Therefore, a party requesting judicial notice of another state's law does not need to prove the content of that law; rather, it need only provide an accurate citation to the trial court. Once it provides the citation, the trial court can access that law through standard legal research techniques.

By contrast, foreign laws are enacted in each country's native language, many of which are not English. In view of the need for translation in many instances, there may be disputes over the content of a foreign law, which must be resolved by the trial court as a matter of law. *See* TEX. R. EVID. 203(b), (d). Thus, a party seeking judicial notice of a foreign law must "supply all parties a copy of any written materials or sources the party tends to use to provide the foreign law" and, "[i]f the materials or sources were originally written in a language other than English, the party intending to rely on them must, at least 30 days before trial, supply all parties both a copy of the foreign language text and an English translation." TEX. R. EVID. 203(a)(2), (b).

Consequently, because the content of another state's law "is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," TEX. R. EVID. 201(b)(2), when a party provides a citation to the applicable state law, and the trial court could not have made its ruling in the absence of that state law, we can presume that the trial court researched the cited law and took the requisite judicial notice prior to ruling.

8

## III. Conclusion

For all of the foregoing reasons, we affirm the trial court's judgment.[6]

Ralph K. Burgess
Justice

Date Submitted: July 10, 2019
Date Decided: September 19, 2019

Publish

---

[6]Finally, in his appellate brief, Willis states, "The trial [c]ourt erroneously determined that Appellant was previously convicted of an offense in another State which [was] substantially similar to a Texas offense listed for enhancement purposes." Essentially, he argues that Arkansas Code § 5-14-108 is not substantially similar to any of the penal code sections listed in Section 12.42 (c)(2)(B)(v) to allow enhancement under that section. Nevertheless, Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that an appellant's brief contain a clear and concise argument in support of his contentions, along with the appropriate citations to authorities and to the record. TEX. R. APP. 38.1(i). As to that particular legal issue, Willis did not provide this Court with a clear and concise argument and did he cite to legal authority or the record in support of such argument. He has therefore waived that issue for this Court's review.