Hudle Lee HARDY, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–05–00102–CR.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 27, 2005.

Decided Feb. 22, 2006.

Discretionary Review Refused May 24, 2006.

Tim Cone, Gilmer, for appellant.

Ray Bowman, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Hudle Lee Hardy was indicted for aggravated sexual assault.[1] A jury found him guilty of the lesser included offense of sexual assault.[2] The jury then found an enhancement allegation to be true, resulting in a mandatory life sentence.[3] Hardy

---

1. TEX. PEN.CODE ANN. § 22.021 (Vernon Supp. 2005).

2. TEX. PEN.CODE ANN. § 22.011 (Vernon Supp. 2005).

3. TEX. PEN.CODE ANN. § 12.42(c)(2)(B)(v) (Ver-

appeals, contending the trial court erred in submitting to the jury a lesser offense and in admitting certain evidence. He also complains that the evidence supporting the enhancement allegation is legally and factually insufficient, and that he received ineffective assistance of counsel. We overrule all contentions and affirm the judgment of the trial court.

The State contended at trial Hardy abducted the victim at a convenience store, forced her to drive to an abandoned house, and then raped her repeatedly. Hardy's defense theory was that the alleged victim stopped to help Hardy, who was having car trouble, and afterward, she agreed to have sex with him in exchange for crack cocaine.

*Lesser Included Offense Instruction Was Proper*

■ Hardy contends the trial court erred by submitting to the jury an instruction on the lesser included offense of sexual assault. Before the case was submitted to the jury, the State requested an instruction on the lesser included offense of sexual assault. Over Hardy's objection, the trial court included the instruction in its jury charge. Hardy contends the evidence does not support the inclusion of such an instruction.

■ We apply a two-pronged test to determine if a lesser included offense instruction should be given. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, some evidence must exist in the record that, if the defendant is guilty, he or she is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.1993).

Hardy does not dispute, nor do we feel the need to examine, whether sexual assault is included within the proof necessary to establish aggravated sexual assault. We then turn to the second prong of the test. We analyze the issue of lesser included offenses in terms of determining whether there is any evidence in the record from any source to indicate that, if an appellant was guilty, he or she was guilty only of the lesser included offense. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App.1998) (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App. 1994)). We employ the same analysis regardless of whether the defendant or the state requests the instruction. *Arevalo v. State*, 943 S.W.2d 887, 890 (Tex.Crim.App. 1997).

The Penal Code provides, in part, that a person commits sexual assault if the person: (1) intentionally or knowingly, (2) causes the penetration of the anus or sexual organ of another by the sexual organ of the actor, without that person's consent. TEX. PEN.CODE ANN. § 22.011(a). In relevant part, the offense is elevated to aggravated sexual assault if the offender by acts or words occurring in the presence of the victim threatens to cause, or places the victim in fear of death or serious bodily injury. TEX. PEN.CODE ANN. § 22.021. The controlling difference in this case is the presence of a threat or fear of death or serious bodily injury.[4]

Thus, the question for our review is focused. Is there any evidence in the record that would allow a rational juror to

---

non Supp.2005).

**4.** The indictment alleges Hardy "did then and there by acts or words threaten to cause or place, Jane Doe 1003 in fear that death or

serious bodily injury would be imminently inflicted on Jane Doe 1003, and said acts or words occurred in the presence of Jane Doe 1003, . . . ."

find that Hardy had committed sexual assault, but did so without employing acts or words which threatened, or placed the victim in fear of, death or serious bodily injury? We hold there is such evidence.

The victim testified she believed she would be subject to death or serious bodily injury if she resisted Hardy's sexual advances. She testified Hardy struck her in the face. She also testified Hardy told her, "I'll take you out," if she tried to stop anyone for help. This evidence of the existence of aggravating factors did not go uncontradicted.

FBI agent Cliff Carruth testified about statements Hardy made to him. Carruth testified Hardy told him he did not strike the victim but "simply jerked her around and shoved her to the ground and then he says he then forced sex on her." Carruth did not testify Hardy told him he threatened the victim or acted in a way as to place her in fear of death or serious bodily injury.

In seeking submission of a lesser offense, the bar that a party is required to clear is not high. "So long as there is some evidence which is 'directly germane' to a lesser included offense for the factfinder to consider, then an instruction on the lesser included offense is warranted." *Jones*, 984 S.W.2d at 257. The jury was free to believe any or all of the victim's testimony just as it was free to do so with Carruth's. Indeed, the record shows that the jury did weigh Carruth's testimony when deciding if the aggravating factors had been proven. A jury note reads, "Several jurors believe Spc. Agent Carruth's testimony contains Mr. Hardy's admission of a verbal threat against Jane Doe 1003. Additional jurors believe he did not admit to any type of threats."

We hold that Carruth's testimony was more than a scintilla of evidence that would allow a rational juror to determine Hardy had committed sexual assault but not aggravated sexual assault. The trial court therefore did not err by submitting a lesser included offense instruction to the jury. Hardy's first point of error is overruled.

*Error Regarding Testimony Not Preserved*

■ Hardy next contends the trial court erred by allowing Carruth to testify about oral statements Hardy made to him. Hardy's contention on appeal is that his oral statements were inadmissible because they did not comply with Article 38.22 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (Vernon 2005). Hardy did not, however, present this complaint to the trial court. To present a complaint for appellate review, that same complaint must have been made to the trial court. TEX.R.APP. P. 33.1.

Hardy contends this complaint was presented to the trial court. However, the portion of the record to which he directs us concerns a discussion between the trial court and counsel about the testimony of a detective with the Kilgore Police Department, not Carruth. In addition, Hardy's trial counsel conceded during this discussion with the trial court that Carruth's testimony was admissible. Because Hardy did not raise this issue at the trial court level, we will not consider it here.

*Complaint Regarding Sufficiency of Evidence to Prove Enhancement Allegation Not Preserved*

■ Hardy also contends the evidence was legally and factually insufficient to prove the prior offense used to enhance his conviction. He correctly points out that "[t]he Texas statute requires that there be some proof that the elements of the enhancement conviction are substantially similar to some offense listed in [Penal Code § 12.42(c)(2)(B)]." He then com-

plains that "in the case at bar, there was no such offer and there is no such proof." We overrule this contention, affirming the trial court's determination that the elements of the prior offense are substantially similar to one of the offenses listed in Section 12.42(c)(2)(B).

During the trial's punishment phase, the State introduced evidence Hardy had previously been convicted of "forcible rape" in the state of California. *See* CAL. PEN.CODE § 261(a)(2). The State introduced certified documents from California showing such conviction in cause number CR 38768 in the superior court of Riverside County on March 11, 1991, and specifically referencing Section 261(a)(2) of the California Penal Code. Hardy did not object to the introduction of these documents.

Section 12.42(c)(2)(B)(v) of the Texas Penal Code provides a mandatory life sentence for a defendant convicted of sexual assault who has previously been convicted of an offense under the laws of another state with elements that are substantially similar to the offenses listed in subsections (B)(i)—(iv). These offenses are all sex-related crimes, including sexual assault, indecency with a child, and burglary with the intent to commit sexual assault. TEX. PEN.CODE ANN. § 12.42(c)(2)(B).

██ Statutory interpretation is a question of law to be determined by the trial court, not the jury. *See Kuhn v. State,* 45 S.W.3d 207, 209 (Tex.App.-Texarkana 2001, pet. ref'd). Therefore, the trial court was required to take judicial notice of the California statute and make a finding that the California offense is substantially similar to one of the offenses discussed above. *See Cross v. State,* 114 S.W.3d 92, 100 (Tex.App.-Eastland 2003), *aff'd in part & rev'd in part on other grounds,* 144 S.W.3d 521 (Tex.Crim.App.2004).

A court may, on its own motion, take judicial notice of the constitutions, public statutes, rules, regulations, ordinances, court decisions, and common law of every other state. TEX.R. EVID. 202. Before submitting its charge to the jury on the enhancement allegation, the trial court discussed with the parties, outside the presence of the jury, how it would proceed on the enhancement. The trial court informed both the State and Hardy that, if the jury found the enhancement true, the trial court would impose a life sentence on Hardy. Although not shown by the record, taking judicial notice of the California statute and finding that the California offense is substantially similar to an offense in Section 12.42(c)(2)(B) was implicit in the trial court's decision to follow this procedure. Such judicial notice and finding must be assumed because the trial court could not charge the jury on the enhancement, or impose a mandatory life sentence, without making such a determination.

A party is entitled, on timely request, to an opportunity to be heard as to the propriety of taking judicial notice. TEX.R. EVID. 202. Hardy did not make such a request or object and, in fact, affirmatively agreed on the record that the court's intended procedure was proper. He reiterated this position in his closing argument to the jury:

> [T]he State is seeking a life sentence. They're asking you to find this allegation true.
>
> The effect of that is when you do, Mr. Hardy will be sentenced by the Court to a term of life in prison and that's kind of the end of it.

We review de novo the trial court's determination as we would any ruling on a question of law. TEX.R. EVID. 202. Hardy was convicted under California Penal Code Section 261(a)(2). That section provides, in part, that rape is an act of sexual intercourse accomplished against a person's will

by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another. CAL. PEN.CODE § 261(a)(2).

This language is very similar to the Texas sexual assault statute, which provides, in part, that a person commits sexual assault if the person causes the penetration of the anus or sexual organ of another person by any means, without that person's consent. Sexual assault is without consent if the offender compels the other person to submit or participate by the use of physical force or violence. *See* TEX. PEN.CODE ANN. § 22.011. We hold the trial court's determination that the two statutes are substantially similar was correct. Hardy's contention is overruled.

*No Proof of Ineffective Assistance of Counsel*

■ Hardy finally contends he received ineffective assistance of counsel because his attorney did not object to Carruth's testimony and did not secure the attendance of a witness or make an offer of proof as to her testimony. We overrule this point of error.

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). To prevail on this claim, an appellant must prove by a preponderance of the evidence (1) that counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052; *Rosales v. State,* 4 S.W.3d 228, 231 (Tex.Crim.App.1999). To meet this burden, the appellant must prove that the attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Tong v. State,* 25 S.W.3d 707, 712 (Tex.Crim.App.2000). Under this standard, a claimant must prove that counsel's representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052.

Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Tong,* 25 S.W.3d at 712. This Court will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State,* 588 S.W.2d 588, 592 (Tex.Crim.App.1979). That another attorney, including appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance.

As we noted in our discussion of his second point of error, Hardy's trial counsel did not object to Carruth's testimony. Hardy contends his trial counsel should have objected because the oral statements to which Carruth testified were not properly recorded in accordance with Article 38.22 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2005).

First, it is not clear that an objection, if made, would have been sustained. Section 8 of Article 38.22 provides that the requirements of that article do not apply if "the statement was obtained by a federal law enforcement officer in this state or another state and was obtained in compliance with the laws of the United States." TEX.CODE CRIM. PROC. ANN. art. 38.22, § 8. Carruth was a federal law enforcement officer working for the FBI. There is no

contention that Hardy's statement was obtained in violation of the laws of the United States. Therefore, the statement that Hardy made to Carruth would seem to be covered by Section 8, rendering an objection fruitless.

Hardy contends on appeal that Section 8 does not apply to Carruth's testimony because he was working with Texas law enforcement officials when he obtained the statement. While we do not express an opinion on the ultimate merits of such an argument, we note that its success is far from certain. Hardy's trial counsel could have reasonably believed that such an argument would have failed before the trial court.

Second, there are any number of strategic reasons why Hardy's trial counsel may have desired the introduction of Hardy's statement to Carruth. One, it contradicted the testimony of the victim. Two, as discussed, it was evidence that, if Hardy was guilty, he was guilty of a lesser crime. We will not second-guess through hindsight the strategy of trial counsel. *Blott,* 588 S.W.2d at 592.

■ Hardy also contends his trial counsel was ineffective because counsel failed to secure the presence of Brenda Chappell, a potential witness. Counsel's failure to call witnesses at the guilt/innocence and punishment stages is irrelevant absent a showing that such witnesses were available and that appellant would benefit from their testimony. *King v. State,* 649 S.W.2d 42, 44 (Tex.Crim.App.1983). Hardy has not made such a showing.

We overrule Hardy's final point of error.

*Conclusion*

Having denied all points of error, we affirm the judgment.