NO. 07-06-0352-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 17, 2007


______________________________



ROBERTO RODRIGUEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15,828-C; HON. RICHARD DAMBOLD, PRESIDING


_______________________________



ON MOTION FOR REHEARING


 _______________________________ 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Pending before us is the motion for rehearing of Roberto Rodriguez. In that motion,
he contends we failed to address whether he had a constitutional right to have a jury
determine whether the elements of a foreign penal statute and a Texas Penal statute were
substantially similar. We overrule the motion for several reasons.

 First, the contention was not preserved. When asked at trial whether he had any
objections to the jury charge, appellant stated "no." Responding "no" resulted in a waiver
of the current complaint. See White v. State, No. 2-02-143-CR, 2003 Tex. App. Lexis 2033
(Tex. App.-Fort Worth, March 6, 2003, pet. ref'd) (not designated for publication) (holding
that a similar complaint was waived when the appellant stated that he had no objections
to the jury charge).

 Next, and even if the issue was preserved, we note that appellant's constitutional
argument is based on Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435, 455 (2000). In Apprendi, the Supreme Court held that the United
States Constitution required any fact that increases the penalty for a crime beyond the
statutorily prescribed maximum to be submitted to a jury. Here, however, we construed
two statutes, and, as stated in our original opinion, the interpretation of statutes involves
a question of law. Hardy v. State, 187 S.W.3d 232, 236 (Tex. App.-Texarkana 2006, pet.
ref'd). Thus, Apprendi was and is inapplicable. See Ex parte White, 211 S.W.3d 316 (Tex.
Crim. App. 2007) (wherein the Texas Court of Criminal Appeals, as opposed to a jury,
assessed whether the two statutes were substantially similar). 

 Accordingly, appellant's motion for rehearing is overruled.


 Brian Quinn 

 Chief Justice


Do not publish. 



ding 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00491-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
23, 2011

 



 

IN THE INTEREST OF A.N.J., A CHILD



 



 

 FROM THE 286TH DISTRICT COURT OF
HOCKLEY COUNTY;

 

NO. 10-01-21993; HONORABLE PAT PHELAN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Brenda Hall, appeals the judgment of the associate judge terminating her
parental rights to her daughter. 
Brendas appointed counsel has filed a brief in conformity with Anders
v. California rendering her professional opinion that any issue that could
be raised on appeal is frivolous and without legal merit.  See 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Brendas counsel avers that she has zealously
reviewed the record in this matter and can find no arguable points of
appeal.  Counsel has filed a motion to
withdraw and provided Brenda with a copy of the brief.  Further, counsel has advised Brenda that she
has the right to file a pro se
response to the Anders brief.  The
Court has likewise advised Brenda of this right.  Brenda has not favored the Court with a
response. 

            This
Court has long held that an appointed attorney in a termination case might
discharge his professional duty to his client by filing a brief in conformity
with the Anders process.  See
In re A.W.T., 61 S.W.3d 87, 88-89 (Tex.App.Amarillo
2001, no pet.).  Likewise, other
intermediate appellate courts have so held. 
See Sanchez v. Tex. Dept of Family and Protective Servs., No.
03-10-00249-CV, 2011 Tex. App. LEXIS 2162, at *1, Tex.App.Austin
March 24, 2011, no pet.) (mem.
op.); In re L.K.H, No. 11-10-00080-CV, 2011 Tex. App. LEXIS 1706, at
*2-4, Tex.AppEastland March 10, 2011, no pet.)
(mem. op.); In re D.D., 279 S.W.3d 849, 849-50
(Tex.App.Dallas 2009, pet. denied); In re D.E.S.,
135 S.W.3d 326, 326-27 (Tex.App.Houston [14th
Dist.] 2004, no pet.).

            We
have conducted our own review of the record in this matter and have come to the
conclusion that there are no arguable points of appeal.  See In re A.W.T., 61 S.W.3d at 89.  We,
therefore, grant counsels motion to withdraw. 
We remind counsel that Brenda has the right to file a pro se petition for review to the Texas
Supreme Court.  Finally, having found no
arguable points of appeal requiring reversal, we affirm the judgment of the
trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice