NO. 07-06-0352-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 17, 2007

_____

ROBERTO RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,828-C; HON. RICHARD DAMBOLD, PRESIDING

_____

***ON MOTION FOR REHEARING***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before us is the motion for rehearing of Roberto Rodriguez. In that motion, he contends we failed to address whether he had a constitutional right to have a jury determine whether the elements of a foreign penal statute and a Texas Penal statute were substantially similar. We overrule the motion for several reasons.

First, the contention was not preserved. When asked at trial whether he had any objections to the jury charge, appellant stated "no." Responding "no" resulted in a waiver

of the current complaint. *See White v. State*, No. 2-02-143-CR, 2003 Tex. App. LEXIS 2033 (Tex. App.–Fort Worth, March 6, 2003, pet. ref'd) (not designated for publication) (holding that a similar complaint was waived when the appellant stated that he had no objections to the jury charge).

Next, and even if the issue was preserved, we note that appellant's constitutional argument is based on *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435, 455 (2000). In *Apprendi*, the Supreme Court held that the United States Constitution required any *fact* that increases the penalty for a crime beyond the statutorily prescribed maximum to be submitted to a jury. Here, however, we construed two statutes, and, as stated in our original opinion, the interpretation of statutes involves a question of law. *Hardy v. State,* 187 S.W.3d 232, 236 (Tex. App.–Texarkana 2006, pet. ref'd). Thus, *Apprendi* was and is inapplicable. *See Ex parte White*, 211 S.W.3d 316 (Tex. Crim. App. 2007) (wherein the Texas Court of Criminal Appeals, as opposed to a jury, assessed whether the two statutes were substantially similar).

Accordingly, appellant's motion for rehearing is overruled.


Brian Quinn
Chief Justice


Do not publish.