**Affirmed and Majority and Dissenting Opinions filed May 12, 2016.**



In the

# Fourteenth Court of Appeals

## NO. 14-15-00023-CR

**EMMETT JEFFREY BANKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 207th District Court
Comal County, Texas
Trial Court Cause No. CR 2013-542 (Counts I, II, III, IV)**

## M A J O R I T Y   O P I N I O N

Appellant was charged with two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. Tex. Penal Code Ann. §§ 21.11(a)(1), 22.021(a)(1)(B)(i) (West 2015). The indictment contained an enhancement paragraph for a previous sexual abuse conviction. The jury found

appellant guilty on all four counts. The jury also found the enhancement to be true and assessed punishment at life in prison.[1] *See id.* § 12.42(c)(2) (West 2015).

Appellant appeals his convictions, raising three issues. First, appellant contends the trial court erred when it allowed extraneous offense evidence of a prior conviction for a sexual offense to be admitted during the guilt/innocence phase of trial. Because the extraneous acts were relevant to rebut the defensive theory of fabrication, and because the evidence was more probative than prejudicial, we overrule appellant's first issue. Second, appellant argues two of his convictions in this case violate the prohibition against double jeopardy. We overrule this issue because the State proved the commission of four separate and distinct sexual offenses. Finally, in his third issue, appellant contends the trial court failed to determine whether his prior conviction was "substantially similar" to a Texas offense for enhancement purposes. We disagree and therefore affirm the trial court's judgments.

## I.    Factual and Procedural Background

Appellant and his girlfriend, S.O., moved together from West Virginia to Comal County, Texas. The complainant and her sister, M.O., lived in the new home with their mother S.O., appellant, appellant's son Q.B., and T.B., who was the infant son of S.O. and appellant.

In April 2013, when the complainant was 11 years old, she came home from school and sat on the couch next to appellant. S.O. was asleep on the adjacent couch, having taken a sleeping pill. Appellant began rubbing the top of the complainant's blue jeans on her "private part." The complainant tried to back

---

[1] This appeal was transferred to this court from the Third Court of Appeals. In cases transferred from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court if the transferee court's decision would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

away but appellant told her to stop. Appellant then unbuttoned the complainant's blue jeans, put his hand underneath her underwear, and began rubbing the inside and outside of her sexual organ "up and down." Appellant then instructed the complainant to change into shorts. The complainant left the couch, changed into her shorts, and returned to the couch. Once the complainant returned to the couch, appellant again touched her on and underneath her shorts, this time rubbing the inside and outside of her sexual organ in a "sideways" direction.

A few months later, the complainant told M.O. that appellant had touched her. The complainant stated that she did not want to tell anyone at first because she was afraid appellant would hurt her or her mother or sister. M.O. later told their grandmother, S.M., that appellant had touched the complainant. S.M. asked the complainant what happened and the complainant told S.M. appellant touched her. S.M. informed S.O. that appellant touched the complainant, and the next day they confronted appellant with the allegations.

During the confrontation, appellant yelled at the complainant and called her a liar. A couple of days later, the complainant told S.M. that she made up the allegations "because [she] was scared that [she] would get taken away by CPS and stuff and never see [her] mom again." S.M. called the police on two different occasions to report the abuse. On both occasions, she told the police officer that the complainant had recanted so no official police report was made.

One week after the confrontation, appellant moved back to West Virginia with Q.B. and T.B. S.M. retained a lawyer to assist S.O. with custody of T.B. and filed a police report about appellant's sexual conduct with the complainant.

Appellant was indicted for two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. The indictment also contained an enhancement paragraph regarding appellant's previous third degree

3

sexual abuse conviction in West Virginia.

The State called Doug Phillips, a detective in Comal County, to testify about appellant's prior conviction. Phillips was responsible for keeping sex offender registration files up to date for the Comal County Sheriff's Office. During the guilt/innocence phase of trial, Phillips' testimony was limited to his identification of appellant as the same individual who was convicted of the West Virginia sexual abuse offense. Later, during the punishment phase of trial, Phillips testified that he knew appellant was the same individual convicted of the prior offense because appellant had registered as a sex offender.

The jury found appellant guilty of all counts in the indictment and found the enhancement paragraph to be true. Appellant was sentenced to confinement for life in the Texas Department of Criminal Justice Institutional Division.

Appellant timely appealed.

## II.    Analysis

Appellant presents three issues. Because double jeopardy is a rendition point that would entitle appellant to a partial judgment of acquittal, we address that issue first. *See* Tex. R. App. P. 43.3.

### A. Double Jeopardy

Appellant contends his double jeopardy protections were violated when he was convicted of both aggravated sexual assault of a child and indecency with a child by contact. We disagree. The record supports four separate and distinct sexual offenses committed by appellant.

### 1. Waiver

As an initial matter, the State argues that appellant waived his complaint of

double jeopardy by not raising it at trial. A double jeopardy claim generally must be raised in the trial court to preserve error for appellate review. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). However, lack of objection is not a bar to presenting the issue on appeal when "(1) the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests." *Id.* at 643.

Although appellant did not raise a double jeopardy claim at trial, he now argues that the genital contact/touching alleged in Counts II and IV of the indictment were incident to, and therefore subsumed within, the acts of penetration alleged in Counts I and III. The evidence presented at trial, however, established that appellant touched the complainant's sexual organ over her jeans, stopped, and proceeded to penetrate her sexual organ under her jeans. He then requested the complainant change into shorts and proceeded to repeat his actions, touching the complainant both on and underneath her shorts.

If the record supports separate and distinct acts, even if committed in close temporal proximity, the incidents may lawfully give rise to a conviction for each separate act. *See Maldonado v. State*, 461 S.W.3d 144, 147, 149–50 (Tex. Crim. App. 2015); *Loving v. State*, 401 S.W.3d 642, 650 (Tex. Crim. App. 2013) (Cochran, J., concurring). Because the record establishes four separate and distinct acts that support appellant's four convictions, no double jeopardy violation is clearly apparent. Therefore, appellant cannot raise his double jeopardy claim for the first time on appeal. *See Gonzalez*, 8 S.W.3d at 643.

## 2. Analysis

Even absent waiver, appellant's double jeopardy claims lack merit. The double jeopardy prohibitions[2] protect against (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Lopez v. State*, 108 S.W.3d 293, 295–96 (Tex. Crim. App. 2003). This case involves the issue of multiple punishments resulting from a single prosecution. Appellant argues his double jeopardy rights were violated because he is being punished twice for the same offense. We disagree.

A person commits aggravated sexual assault of a child when that person causes the penetration of the sexual organ of a child by any means. Tex. Penal Code Ann. § 22.021(a)(1)(B)(i). An actor is guilty of indecency with a child by contact when that person engages in sexual contact with a child who is younger than 17 years of age. *Id.* § 21.11(a)(1). Sexual contact is defined as the touching by a person, *including through the clothing*, of the breast, anus, or genitals of a child, with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1) (West 2015).

The question is whether the "convictions are based on the same act" or whether each violation is predicated on a separate act. *Barnes v. State*, 165 S.W.3d 75, 88 (Tex. App.—Austin 2005, no pet.); *see also Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (where penetration necessarily required contact, the

---

[2] The United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

The Texas Constitution contains a similar provision: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." Tex. Const. art. I, § 14. These double jeopardy constitutional protections are substantially identical. *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 873 (1998).

convictions were based on the same act).[3] We conclude appellant's convictions are based on four separate and distinct sexual acts.

Although the Texas Court of Criminal Appeals has held that indecency with a child can be a lesser-included offense of sexual assault of a child, that holding is contingent on the fact that the offenses are predicated on the same conduct. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009); *Vick v. State*, 991 S.W.2d 830, 834 n.2 (Tex. Crim. App. 1999). For example, "penile contact with [the] mouth, genitals or anus in the course of penile penetration will be subsumed." *Patterson*, 152 S.W.3d at 92. However, a person who commits more than one sexual act against the same victim may be convicted and punished for each separate act, even if these acts were committed "in close temporal proximity." *Loving*, 401 S.W.3d at 650 (Cochran, J., concurring); *Vick*, 991 S.W.2d at 833.

Where, as here, the complainant testifies to separate incidents of both contact outside and penetration inside, the contact is not subsumed within the penetration. Rather, the complainant has suffered two separate acts with two separately formulated intents. *See Maldonado*, 461 S.W.3d at 147, 149–50.

Here, the complainant testified at trial that appellant began rubbing her "private area" while his hand was on the outside of her blue jeans. An individual may be convicted for indecency with a child even when the child is clothed. *See Resnick v. State*, 574 S.W.2d 558, 560 (Tex. Crim. App. 1978). The complainant then stated that appellant "unbuttoned [her] jeans and went under" her blue jeans and underwear and proceeded to rub "up and down" on the "inside and out[side]" of her sexual organ. After appellant perpetrated the first two sexual offenses on the complainant, he asked the complainant to change into shorts. When the

---

[3] We note that *Patterson* was resolved on the basis of statutory construction rather than double jeopardy.

7

complainant returned with shorts on, the complainant told appellant that Q.B's door was still open. Appellant then told the complainant to close the door. The complainant went to close the door to Q.B.'s room, telling Q.B., "your dad told me to close your door." The complainant then went back to appellant. At that time, appellant put his hand on the complainant's shorts and "touched [her] again." Appellant put his hand under the complainant's shorts, touched both the inside and outside of her sexual organ, and "rubbed it sideways."

The complainant's testimony supports the jury's determination that four separate and distinct offenses occurred. Therefore, appellant's reliance on *Patterson* is misplaced. There, the Court of Criminal Appeals upheld the ruling that sexual contacts between the appellant and the complainant were incident to the penetrations and therefore the indecency offenses were part of the aggravated assault offenses and not subject to prosecution as separate offenses. *Patterson*, 152 S.W.3d at 92. This case is distinguishable.

Unlike the case in *Patterson*, where it was necessary for the perpetrator to make contact with the complainant's anus in the course of penetrating the complainant's anus, appellant made the decision to touch the outside of complainant's sexual organ including through her clothing and made a separate decision to go underneath her clothing and digitally penetrate inside her sexual organ. *Cf. id.* (stating that the lesser-included offense will be subsumed in the greater offense when it occurs as part of the commission of the greater offense). This involved two separately formulated intents by appellant. *See Maldonado*, 461 S.W.3d at 147 ("Even separate acts that occur close in time can be separate offenses if each involves a separate impulse or intent."). We are not saying, as the dissent suggests, that appellant could be separately prosecuted for each movement of his hand. Nor are we reaching this conclusion based on some intellectual

8

exercise. Rather, as in *Maldonado,* we are determining whether the jury was presented evidence of and therefore reasonably could have found four separate and distinct acts. *See id.* at 149 (explaining *Patterson* properly applies only where "under the facts of the case, the jury could not have found separate offenses or separate acts"). Because the record supports the jury's finding of four separate acts of sexual perpetration against the complainant, we overrule appellant's second issue.

### B. Admission of extraneous evidence

Having overruled appellant's rendition point, we turn to his first issue, in which he contends the trial court abused its discretion in allowing the State to introduce extraneous offense evidence.[4] We disagree.

The admissibility of evidence is within the discretion of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We uphold the trial court's evidentiary ruling as long as it was within the zone of reasonable disagreement. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). We cannot simply substitute our own decision for the trial court's and should reverse only for a clear abuse of discretion. *See id.*

Generally, extraneous offense evidence that does not have relevance apart from character conformity is inadmissible during the guilt/innocence phase of trial. Tex. R. Evid. 404(b).[5] However, such evidence is admissible when the extraneous

---

[4] The State contends appellant waived his objection to the admission of rule 404(b) evidence when he failed to object to the evidence on four separate occasions. Because an objection that is ruled upon outside the presence of the jury does not need to be repeated before the jury, and here the parties discussed the admissibility of the evidence in a hearing outside the presence of the jury and the trial court specifically "overrule[d] the 404(b) objection," appellant sufficiently preserved his challenge. *See* Tex. R. Evid. 103(b); *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008).

[5] Rule 404(b) provides:

9

act is: (1) relevant to a fact of consequence in the case aside from its tendency to show action in conformity with character and (2) its probative value is not substantially outweighed by the danger of unfair prejudice. *Hedrick v. State*, 473 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see* Tex. Rs. Evid. 401, 402, 403, 404(b). Additionally, the State must provide reasonable notice to the defendant before trial that it intends to introduce extraneous offense evidence. *See* Tex. R. Evid. 404(b); Tex. Code. Crim. Proc. Art. 37.07 § 3(g) (West 2015).[6] We defer to the trial court's determinations of whether extraneous evidence has relevance apart from character conformity and whether the probative value is substantially outweighed by the danger of unfair prejudice. *See Moses*, 105 S.W.3d at 627.

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action. Tex. R. Evid. 401. Even if the extraneous evidence is relevant, the trial court may properly exclude it under rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, undue delay, or needlessly presenting cumulative evidence. *See id.* R. 403.

---

(b) Crimes, Wrongs, or Other Acts.

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses; Notice in Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case-in-chief.

Tex. R. Evid. 404(b).

[6] Approximately one year before trial, the State provided appellant with notice of its intent to use extraneous offense evidence under rule 404(b) and article 37.07.

"When Rule 403 provides that evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,' it simply means that trial courts should favor admission in close cases, in keeping with the presumption of admissibility of relevant evidence." *Montgomery*, 810 S.W.2d at 389.

### 1. Rebutting fabrication theory

Extraneous offense evidence may be admissible for other purposes besides character conformity. Tex. R. Evid. 404(b). Rebuttal of a defensive theory is one of these "other purposes." *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008) (stating that "other purposes" includes rebutting the defensive theory that a complainant fabricated her allegations against defendant). Therefore, appellant's defensive opening statement—although not evidence—opens the door to the admission of extraneous offense evidence to rebut his fabrication theory presented during the opening statement. *Hedrick*, 473 S.W.3d at 832.

Appellant does not dispute that he argued the defense of fabrication. Appellant argues, however, that he raised the fabrication defense merely in response to the State's opening statement suggesting that the complainant's recantation was not true, and thus the extraneous offense evidence is not admissible. *See Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002) (stating, as a general rule, the defensive theory that the State wishes to rebut through the use of extraneous offense evidence may not be elicited by prompting or maneuvering by the State).

In the State's opening, the prosecutor stated the facts that he expected to prove during the course of trial. He told the jury the evidence would show that the complainant recanted after making her initial outcry. In a hearing outside the presence of the jury, the prosecutor argued he brought up the complainant's

11

recantation to prevent appellant from impeaching the complainant for a prior inconsistent statement. He did not do so in order to elicit a theory of fabrication.

The trial court determined the State's opening statement regarding the recantation did not rise to the level of "prompting or maneuvering" as contemplated by the Court of Criminal Appeals in *Wheeler*. Rather, the court found it was appellant, in his opening and during cross-examination of the complainant, who went well beyond raising discrepancies in testimony to the point of raising fabrication.

In appellant's opening, he advanced different theories and explanations as to why the complainant recanted. The first theory was that the complainant recanted "to get rid of [appellant]." Second, she recanted because her mother and grandmother were upset that appellant took T.B. back to West Virginia. Appellant again raised both theories during his cross-examination of the complainant. The court determined that by advancing these theories appellant went beyond attacking the complainant's credibility and consequently opened the door for rebuttal evidence from the State regarding extraneous evidence. Based on our review of the record, we conclude the trial court did not abuse its discretion in finding the extraneous offense was admissible to rebut the defensive theory of fabrication brought by appellant.

### 2. Similarity of extraneous offense

Appellant also contends the evidence was insufficient to show that the extraneous offense was similar to the charged offenses. An extraneous offense must share common characteristics with the offense for which the defendant is currently on trial in order to be admissible. *Rickerson v. State*, 138 S.W.3d 528, 531 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The similarities, however, do not have to be exact. *See Wheeler*, 67 S.W.3d at 886–88; *Dennis v. State*, 178

S.W.3d 172, 179 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

Here, the record reveals both the extraneous offense and the charged offenses involved young females between the ages of 11 and 15 at the time of the perpetration; both occurred while appellant was an adult; and both involved sexual contact between appellant and the complainants. There are enough common characteristics between the current charges and the prior conviction to support that the trial court did not abuse its discretion in admitting the prior conviction. *See Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd).

### 3. Rule 403

We next consider whether the trial court abused its discretion by determining that the probative value of this evidence was not substantially outweighed by unfair prejudice. We conclude that it did not.

Evidence that is admissible under rule 404(b) may nevertheless be inadmissible under rule 403. *See Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999). We will reverse a trial court's determination that the prejudicial effect of evidence does not outweigh its probative value only for an abuse of discretion. *Id.*

When conducting a rule 403 analysis, courts must balance: (1) the inherent probative force of the proffered item of evidence, along with (2) the proponent's need for that evidence, against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210

13

S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

We presume that the probative value of relevant evidence outweighs any danger of unfair prejudice. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).

### a.  Inherent probative force

Because appellant's prior extraneous offense occurred 13 years prior to the charged offense, the trial court reasonably could have found that its inherent probative force was reduced.  The evidence presented outside the presence of the jury, however, illustrated the similarities between the two offenses.  Therefore, the trial court could have found its probative force was bolstered. *See Newton*, 301 S.W.3d at 318 ("Rule 404 does not impose any presumptive time limitation which must be met for an extraneous offense to have probative value.").  Accordingly, at most, the first factor somewhat favors exclusion.

### b.  State's need for evidence

Because the State was required to show appellant made sexual contact with the complainant and because there were no eyewitnesses to the sexual abuse or any physical evidence, the trial court reasonably could have concluded that the State's need for evidence was considerable.  *See Gigliobianco*, 210 S.W.3d at 642; *Newton*, 301 S.W.3d at 320 (State's need for extraneous offense evidence was considerable because State had no physical evidence or eyewitness testimony). Accordingly, this factor favors admission.

### c.  Tendency of evidence to suggest decision on an improper basis

The extraneous offense evidence did have a tendency to arouse hostility for one side and "to suggest a verdict on an improper basis because of the inherently

inflammatory and prejudicial nature of crimes of a sexual nature committed against children." *Newton*, 301 S.W.3d at 320. However, when a trial court gives a proper limiting instruction regarding the extraneous offense to the jury, it lessens the prejudicial impact of this factor. *Id.* Here, the trial court gave a limiting instruction to the jury.[7] Accordingly, this factor somewhat favors exclusion.

### d. Tendency of evidence to confuse or distract jury

Because the extraneous offense evidence in this case was limited, direct, and relevant, this factor weights in favor of admission. *See Bass*, 270 S.W.3d at 562–63 (agreeing with the State's claim that when a defendant stands accused of abusing one child, evidence that he abused other children in a similar fashion is relevant).

### e. Tendency of evidence to be given undue weight by jury

The extraneous offense evidence in this case was straightforward and easily understood by the jury. *See Gayton v. State*, 331 S.W.3d 218, 228 (Tex. App.—Austin 2011, pet. ref'd). Phillips' testimony was limited to the identification of appellant as the same individual who was convicted for the extraneous offense in 2001. Therefore, this factor weighs in favor of admission.

### f. Likelihood that evidence will be too time-consuming or repetitive

Phillips' testimony was brief, and he was the only witness to testify regarding the prior conviction. His testimony comprised five pages of the

---

[7] The trial court instructed the jury:

If you find that the State has proven the defendant's involvement in any such act or acts, if any, you may only consider this testimony as it may aid you, if it does, to rebut the defensive theories of fabrication, frame-up and/or retaliation in relation to the offense on trial. You may not consider these other acts for any other purpose.

approximately 267 pages contained in the transcript of the guilt/innocence phase of trial. This factor favors admission. *See id.* (citing *Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996) (factor weighed in favor of admission where extraneous offense testimony amounted to "less than one-fifth" of trial testimony)).

### g. Conclusion

Although factors one and three weigh slightly in favor of excluding the evidence of the extraneous offense, the danger of unfair prejudice must substantially outweigh the probative value of the evidence. *Montgomery*, 810 S.W.2d at 389. On our review of the record, we conclude that the trial court did not abuse its discretion by determining that the probative value of evidence of appellant's prior conviction was not substantially outweighed by the danger of unfair prejudice.

### 4. Harm

Even assuming that the trial court erred, we conclude appellant did not suffer harm. Error from the admission of an extraneous offense does not constitute constitutional error and should be disregarded unless it affected the appellant's substantial rights. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Here, appellant's substantial rights were not affected by the admission of the extraneous offense evidence. Given the complainant's testimony, the defensive theory of fabrication, the notice provided by the State of its intent to use the prior offense, the brevity of the testimony about the offense, and the trial court's limiting instruction, no harm exists when viewed in the light of the entire jury charge, the evidence, and the record as a whole. *See id.*

16

We overrule appellant's first issue.

## C. Substantial similarity of the prior conviction used for enhancement

In his third issue, appellant essentially argues that the enhancement in this case is invalid because there was no explicit analysis or finding on the record of substantial similarity.[8] *See* Tex. Penal Code Ann. § 12.42(c)(2)(B)(v) (West 2015).[9] We disagree.

*Hardy v. State*, 187 S.W.3d 232 (Tex. App.—Texarkana 2006, pet. ref'd), is instructive. There, although the record did not explicitly show that the trial court took judicial notice of and determined that a California sexual offense was substantially similar for purposes of section 12.42(c)(2)(B), the *Hardy* court assumed judicial notice and the substantial similarity finding. 187 S.W.3d at 236. The *Hardy* court did so "because the trial court could not charge the jury on the enhancement, or impose a mandatory life sentence, without making such a

---

[8] Appellant does not argue that he is not the person who committed the enhancement conviction. He also does not argue that assuming the trial court determined that the elements of the West Virginia statute at issue, W. Va. Code Ann. § 61-8B-9(a), are substantially similar to those of indecency with a child by contract, Tex. Penal Code § 21.11(a)(1), for purposes of section 12.42(c)(2)(B)(v), that such finding was incorrect, much less provide any explanation as to how.

[9] Section 12.42(c)(2)(B)(v) provides:

(2) Notwithstanding Subdivision (1), a defendant shall be punished by imprisonment in the Texas Department of criminal Justice for life if:

. . .

(B) the defendant has been previously convicted of an offense:

. . .

(v) under the laws of another state containing elements that are substantially similar to the elements of an offense listed in Subparagraph (i), (ii), (iii), or (iv).

Tex. Penal Code Ann. § 12.42(c)(2)(B)(v); *see id.* § 12.42(c)(2)(B)(ii) (listing section 21.11).

determination." *Id.*[10]

Here, during the guilt/innocence phase, the trial court discussed with the parties outside the jury's presence the similarity between the elements of the West Virginia and Texas statutes. In addition, during its closing during punishment, the State read from the West Virginia statute at issue without objection and argued that it was virtually identical to the Texas indecency statute. The court submitted the charge with the enhancement paragraph. The charge further instructed the jury to assess a sentence of "life" if it found the enhancement paragraph true. Appellant did not object to the charge. When the jury returned its verdict, the trial court sentenced appellant to life imprisonment. The trial court could not have charged the jury on the enhancement, or imposed a mandatory life sentence, without analyzing and making a determination of substantial similarity. *See id.* Therefore, we assume the trial court took judicial notice of the West Virginia statute and implicitly found that the Texas and West Virginia statutes were substantially similar. Because the court's finding was implied, it need not have been expressly stated in the record. *See id.*

Accordingly, we overrule appellant's third issue.

---

[10] *See also Suares v. State*, No. 05-07-00862-CR, 2008 WL 2747186, at *2 (Tex. App.—Dallas July 16, 2008, pet. ref'd) (mem. op., not designated for publication); *Green v. State*, No. 14-06-00535-CR, 2007 WL 2265787, at *9 (Tex. App.—Houston [14th Dist.] Aug. 9, 2007, no pet.) (mem. op., not designated for publication) (applying *Hardy* where punishment tried to court).

### III. Conclusion

Having overruled each of appellant's issues, we affirm the trial court's judgments.

/s/    Marc W. Brown
       Justice

Panel consists of Justices Jamison, Donovan, and Brown. (Jamison, J., dissenting). Publish — Tex. R. App. P. 47.2(b).