

# NUMBER 13-24-00023-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**LUIS GILBERTO CASTILLO,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

---

## ON APPEAL FROM THE 139TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Silva
### Memorandum Opinion by Justice Benavides

A jury convicted appellant Luis Gilberto Castillo of committing four offenses against the same complainant: one count of continuous sexual abuse of a young child, a first-degree felony; one count of indecency with a child by sexual contact, a second-degree felony; and two counts of aggravated sexual assault of a child, first-degree felonies. *See*

TEX. PENAL CODE ANN. §§ 21.02(b)(2)(A), 21.11(a)(1), 22.021(a)(1)(A)(i). The trial court sentenced Castillo to concurrent terms of imprisonment of forty-two, twenty, sixty, and sixty years, respectively. On appeal, Castillo contends that only his continuous sexual abuse conviction should stand because the other three convictions constitute double-jeopardy violations. The State concurs and asks that we retain the continuous sexual abuse conviction even though Castillo received longer sentences for his aggravated sexual assault convictions. We affirm the convictions for continuous sexual abuse and indecency by sexual contact, and we vacate the convictions for aggravated sexual assault.

## I.   BACKGROUND

By a four-count indictment, the following allegations were made against Castillo: (Count I) from February 4, 2020, through June 20, 2021, during a period that was thirty or more days in duration, Castillo committed two or more acts of sexual abuse against Ashley,[1] a child younger than fourteen years of age, by committing the predicate acts of aggravated sexual assault of a child and indecency with a child by sexual contact; (Count II) on February 23, 2020, Castillo committed the offense of indecency with a child by sexual contact by touching Ashley's breast; (Count III) on June 23, 2020, Castillo committed the offense of aggravated sexual assault of a child by penetrating Ashley's sexual organ with his penis; and (Count IV) on June 24, 2020, Castillo committed the

---

[1] To protect the identity of the complainant, we refer to her by the pseudonym given to her in the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 58.102(a).

2

offense of aggravated sexual assault of a child by penetrating Ashley's anus with his penis.

Consistent with the allegations in the indictment, Ashley testified at trial that over a period of "months," Castillo penetrated her sexual organ with his penis "[t]oo many times to count." She was twelve years old at the time. She said these repeated incidents occurred both at Castillo's house and in his car. She further testified that they also had anal intercourse "a few times." Finally, Ashley testified that Castillo also touched her breasts during this period. She was asked whether the breast touching occurred separately from the other sexual acts, and she responded, "No. It was during [the] sexual activity."

All four counts were submitted to the jury as separate offenses without objection. The jury returned a guilty verdict on each count. Castillo elected for the trial court to assess his punishment. The trial court entered a separate judgment of conviction on each count and sentenced Castillo as described above. This appeal ensued.

## II. DOUBLE JEOPARDY

By his sole issue, Castillo argues that his separate convictions for aggravated sexual assault of a child constitute double-jeopardy violations because these offenses were acts of sexual abuse committed against the same complainant during the period of continuous abuse. He also contends that his conviction for indecency with a child by sexual contact violated his double-jeopardy rights, but for a different reason. According to Castillo, because Ashley testified that the breast touching occurred "during [the] sexual

3

activity," the breast touching should not be considered a separate, punishable offense. Castillo suggests instead that the breast touching was part of "the same continuous action" that culminated in aggravated sexual assault.

## A.    Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). A double-jeopardy violation may be raised for the first time on appeal if two conditions are met: (1) the violation is apparent from the face of the record, and (2) the enforcement of the usual rules of procedural default would serve no legitimate state interest. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

"A double-jeopardy violation [also] occurs if one is convicted or punished for two offenses that are the same both in law and in fact." *Aekins v. State*, 447 S.W.3d 270, 279 (Tex. Crim. App. 2014). "Where two crimes are such that the one cannot be committed without necessarily committing the other, then they stand in the relationship of greater and lesser offenses, and the defendant cannot be convicted or punished for both." *Id.* at 280. For instance, in the context of sexual assault, "[p]enetration without contact is

4

impossible." *Id.* at 279. Therefore, "a defendant may not be convicted for a completed sexual assault by penetration and also for conduct (such as exposure or contact) that is demonstrably and inextricably part of that single sexual assault." *Id.* at 281.

"To obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration." *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021) (citing TEX. PENAL CODE ANN. § 21.02(b)). Aggravated sexual assault of a child is one of the predicate offenses listed as an "act of sexual abuse." TEX. PENAL CODE ANN. §§ 21.02(c)(4). Indecency with a child by sexual contact is also a predicated offense; however, breast touching is expressly excluded as a qualifying act. *Id.* § 21.02(c)(2).

Another feature of the continuous abuse statute is that "the Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when [both convictions are] based on conduct against the same child during the same period of time." *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014) (citing TEX. PENAL CODE ANN. § 21.02(e)). Stated differently, "the Legislature did not intend to permit dual convictions for continuous sexual abuse and for an enumerated act of sexual abuse unless the latter occurred during a different period of time." *Id.*; *see Allen v. State*, 620 S.W.3d 915, 922 & n.9 (Tex. Crim. App. 2021) (finding that the evidence did not support dual convictions under § 21.02(e) because the predicate offense occurred during the period of continuous abuse but noting

that "[i]t may be a different case if the evidence shows a clear period of continuing abuse, and, after several years during which no abuse occurred, an isolated incident of abuse" occurs).

**B.    Analysis**

As the State acknowledges, Castillo's convictions for aggravated sexual assault were based on acts of sexual abuse that he committed against Ashley during the period of continuous abuse. *See* TEX. PENAL CODE ANN. §§ 21.02(c)(4). Accordingly, we agree with the parties that the Legislature did not intend for Castillo to be convicted and punished separately for all three offenses. *See id.* § 21.02(e); *Price*, 434 S.W.3d at 606. Given the State's assent to correcting this error, we also conclude that there is no legitimate State interest to be served by enforcing the usual rules of procedural default. *See Ex parte Denton*, 399 S.W.3d at 544.

We hold, however, that Castillo's conviction for indecency with a child by sexual contact is a separate offense for which there was no double-jeopardy violation. Breast touching is expressly excluded from the list of predicate acts that constitute continuous abuse; therefore, the above analysis does not apply. *See* TEX. PENAL CODE ANN. § 21.02(c)(2), (e); *Price*, 434 S.W.3d at 606.

It is undisputed that Ashley's testimony was sufficient to establish the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a). Based on her limited description, though, it is unclear whether the breast touching occurred before, during, or after intercourse. It may have been all of the above. In any event, Castillo's reliance on cases like *Patterson v.*

6

*State*, 152 S.W.3d 88 (Tex. Crim. App. 2004) and *Maldonado v. State*, 461 S.W.3d 144 (Tex. Crim. App. 2015) is misplaced.

As the Court of Criminal Appeals explained in *Maldonado*, "[a]n offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act." 461 S.W.3d at 149. Unlike penile contact and penetration, breast touching is not "demonstrably and inextricably part" of vaginal or anal intercourse. *See Aekins*, 447 S.W.3d at 281. To be sure, some forms of indecency with a child by sexual contact can be a lesser-included offense of aggravated sexual assault by penetration. *See Martinez v. State*, 524 S.W.3d 344, 348 (Tex. App.—San Antonio 2017, pet. ref'd) (touching the sexual organ with the hand and digitally penetrating the sexual organ). But there is no general prohibition on multiple convictions when a defendant commits separate and distinct statutory offenses in one criminal episode. *See Loving v. State*, 401 S.W.3d 642, 649 (Tex. Crim. App. 2013) (affirming separate convictions for indecency with a child by exposure and contact "because the commission of each prohibited act determines how many convictions may be had for a particular course of conduct"); *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) ("Our determination that the two indictments alleged violations of separate and distinct statutory aggravated sexual assault offenses and that those alleged offenses involved separate and distinct acts ends the inquiry for double jeopardy purposes."); *Banks v. State*, 494 S.W.3d 883, 890 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (explaining that "a person who commits more than one sexual act against the same victim may be convicted and punished for each separate act, even

if these acts were committed 'in close temporal proximity'" (quoting *Loving*, 401 S.W.3d at 650 (Cochran, J., concurring))). And Castillo has not pointed us to any case holding that breast touching is a lesser-included offense of aggravated sexual assault by penile penetration of the sexual organ or anus, and we have found none.

We sustain Castillo's issue in part and deny it in part.

## C.    Remedy

When a multiple-punishment violation occurs, "the remedy is to affirm the conviction for the most serious offense and vacate the other convictions." *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). Generally, the most serious offense is "the offense in which the greatest sentence was assessed." *Id.* at 373. Both parties have asked us to retain the conviction for continuous sexual abuse even though the sentences for aggravated sexual assault are ostensibly longer. As the State correctly points out, if we retain one of Castillo's convictions for aggravated sexual assault, he will be parole eligible because there was no aggravated finding that enhanced his minimum punishment. *See* TEX. PENAL CODE ANN. § 22.021(f) (listing aggravating findings that enhance the minimum punishment to twenty-five years' imprisonment); TEX. GOV'T CODE ANN. § 508.145(a)(3) (providing that a conviction under § 22.02 is not parole eligible "if the offense is punishable under Subsection (f) of that section"). On the other hand, if we retain Castillo's conviction for continuous sexual abuse, he will be required to serve every day of his forty-two-year sentence. *See* TEX. GOV'T CODE ANN. § 508.145(a)(2). We therefore agree that "the greatest sentence" in this case was the one assessed for continuous sexual abuse. *See*

8

*Bigon*, 252 S.W.3d at 373.

### III.   CONCLUSION

We affirm Castillo's convictions for continuous sexual abuse of a child (Count I) and indecency with a child by sexual contact (Count II). We vacate Castillo's convictions for aggravated sexual assault of a child (Counts III & IV).

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
29th day of August, 2024.